## STATE v. LAUGHLIN, et al.
No. 73-530 CF.

Circuit Court, Munroe County, Criminal Division.

July 28, 1974.

168

J. Edward Worton, State Attorney, for the state.

John J. Quinn, Key West, for the defendant.

Parker D. Thomson and Sanford L. Bohrer of Paul & Thomson, Miami, for Ronald Edward Mason.

### BILL G. CHAPPELL, Circuit Judge.

This cause came on to be heard on a motion for an order compelling discovery filed upon behalf of the defendant, Ron W. Laughlin, and after hearing arguments of counsel for the defendant, counsel for the state, and counsel for the witness, Ronald Edward Mason, and upon consideration of the memoranda of law filed herein, the court finds that valid issues have been raised questioning the procedural propriety of the subject deposition taken herein to which the court defers its ruling in order to consider the more serious constitutional questions raised. Simply stated, the case presents a collision between the First and Fourth Amendments to the U. S. Constitution.

It has been argued that the mere filing of the motion for an order compelling discovery necessarily has a chilling effect upon the operation and functioning of Mason as a reporter for the *Keynoter* and the functioning of the news media in Monroe County, and will cause irreparable injury to the freedoms guaranteed by the First and Fourteenth Amendments.

Rule 3.220 (d) of the Rules of Criminal Procedure provides that the defendant may take the deposition of *any person* who may have information relevant to the offense charged, and no law or decision has come to the attention of this court which extends immunity or excludes members of the press from its provisions. Again, it must be remembered that the defendant's action herein is grounded upon constitutional rights requiring and deserving equal consideration with those constitutional freedoms demanded by the press.

It is further argued that the granting of the motion would necessitate the violation of the confidentiality which investigative reporters must give their sources if the press is to perform its function of investigating the propriety of governmental actions and protecting the public's right to know with respect to such matters. Certainly, this court concurs and upholds the public's right to know about such

matters, but it is completely unaware of any binding assignment of such investigative function to the press. This court is of the opinion that under our form of government, such functions are primarily the responsibility of grand juries, duly constituted investigative bodies, and law enforcement agencies, and that any involvement of the press is one voluntarily assumed as part of a business enterprise.

The case before the court is a criminal case, and as such, demands a stricter interpretation than would be applied in a civil case. Here, the press is claiming a privilege to refuse disclosure of an informant's identity founded upon the "public interest in a free press." It must be noted that the prosecution *has* such a privilege founded upon the "public interest in effective law enforcement." The prosecution's privilege recognizes the *duty* of a citizen, including members of the press, to inform law enforcement officers of the commission of a crime, and by preserving his anonymity, encourages him to do so. But this privilege is not absolute for the prosecution and cannot be absolute for the press.

In balancing the public interest in protecting the flow of information against the individual's right to prepare his defense herein, the court finds —

1. That there is no evidence to suggest that the confidential informer herein participated in any manner in this cause;

2. That the witness, Mason, did not cause to be published any information so received but labeled it as rumor;

3. That there is no evidence that the prosecution relied upon illegally obtained information in showing the defendant's guilt;

4. That there is no evidence that the disclosure of the source of the rumor to Mason would in any way prove defendant's entitlement to a new trial;

5. That it has not been shown that alternate sources of the desired information have been exhausted; and

6. That the defendant has not shown a major countervailing constitutional requirement, and absent such a showing, to require Mason to disclose his source would amount to nothing more than forcing the press to disclose its method of seeking out the news and its sources of information, clearly an infringement upon First Amendment freedoms.

It is therefore ordered and adjudged that the defendant's motion for an order compelling discovery is denied.