194

## STATE v. STONEY.
No. 74-227.
Circuit Court, Dade County, Criminal Division.
August 13, 1974.

Richard E. Gerstein, State Attorney, Edward J. O'Donnell, Jr., Assistant State Attorney, for the state.

Stephen N. Lipton and Thomas S. Wilson, Jr., Assistant Public Defenders, for the defendant.

Sanford L. Bohrer of Paul & Thomson, Miami, for the petitioner.

EDWARD D. COWART, Circuit Judge.

The motion of Bea Hines to quash the subpoena duces tecum served upon her by defendant having come on for hearing and the court having considered argument of counsel and the record in this case, and being otherwise duly advised, finds —

1. Bea Hines, a newspaper reporter for the Miami Herald, has filed a motion to quash a subpoena duces tecum directed to her requiring her to appear, testify, and produce certain items at the trial of defendant. The subpoena to petitioner is extremely broad, setting forth the following requirements —

> "Bring with you all notes, memoranda, news articles and all other writings concerning *Nena Horne,* also known as *Gloria Jean Horne,* also known as *'Lisa'."*

2. Petitioner wrote an article appearing in the Miami Herald on December 23, 1973 (the "article"). A copy of the article is attached to the subpoena. The article is entitled "The Victim" and describes the experiences of one "Lisa," an alleged rape victim, as related to petitioner. The article was written and the notes were taken by petitioner in her capacity as a professional news reporter. Defendant asserts that the individual who is "Lisa" will be the principal prosecution witness at trial. The testimony and notes of petitioner sought by defendant concern matters which were not the subject of petitioner's story and which petitioner and the Miami Herald chose not to publish.

3. Defendant contends Elaine Gordon, a state representative (described in the article as being concerned about establishment of a rape victim treatment center) was present at and participated in the interview of "Lisa" by petitioner. Elaine Gordon has given a deposition in this cause and defendant has advised the court he intends to call Gordon as a witness to testify as to alleged inconsistencies between the sworn testimony of "Lisa" in other cases or in depositions in this case and her statements to Gordon. Defendant asserts that he seeks to compel petitioner's testimony and her notes taken at the interview of "Lisa" to rehabilitate the credibility of Elaine Gordon if the state shall impeach her credibility.

4. Concern by a reporter that the reporter will later be called to testify concerning news gathering activities in a matter to which the reporter is not a party necessarily inhibits a reporter's movements and conduct in the process of news gathering. Forced revelation of sources and of information not published or notes or drafts not included in reported news necessarily inhibits exercise of the freedom of the press guaranteed by the First, Fourth and Fourteenth

Amendments to the United States Constitution and Article V, Sections 4 and 12 of the Florida Constitution. This constitutionally guaranteed freedom can be impaired by use of subpoenas to harass the reporter or force the press to become the unwilling and unpaid investigator for the government or private litigants. Untrammelled use of subpoena power could result in self-censorship.

5. The First, Fourth and Fourteenth Amednments to the United States Constitution and Article I, Sections 4 and 12 of the Florida Constitution require that reporters be immune from subpoenas and particularly those subpoenas directed to disclosure of sources or unpublished material, unless the party seeking the testimony or production of documents first makes a showing of a sufficient interest and need to overcome this constitutional immunity and then only under appropriate safeguards to prevent abuse by those having court process available to them. In a criminal case the rights of defendants under the Sixth Amendment to the United States Constitution and Article I, Section 16 of the Florida Constitution are substantial countervailing interests which may require issuance of subpoenas, but only subject to the safeguards specified in paragraph 6. These constitutional factors do not exist in a civil case.

6. With respect to a subpoena by a defendant in a criminal case, the chilling or inhibiting effect upon First Amendment rights arising from subpoenas can be limited if a party seeking to subpoena a reporter is required, prior to the enforcement of such subpoena, to obtain leave of court after an *in camera* showing to the court that —

(a) the reporter has information relevant and material to the offense charged or to the defense of the person charged;

(b) the reporter has relevant and material information which is not available from sources not protected by the First, Fourth and Fourteenth Amendments to the United States Constitution;

(c) the defendant has attempted unsuccessfully to obtain the evidence sought from other sources less chilling of First Amendment freedoms; and

(d) the evidence sought is so important that non-production thereof would result in violation of the defendant's constitutional rights.

The subpoenaed reporter may show at the hearing, among other things, that he does not have such evidence, that confidential files or informants dictate that such evidence not be produced, or that the scope of the subpoena is unduly broad and burdensome.

7. The issuance of the subpoena duces tecum here at issue does not meet the foregoing tests and will therefore be quashed.

8. Defendant seeks petitioner's testimony and notes for the rehabilitation of Gordon as an impeachment witness, should Gordon's credibility be attacked. If "Lisa" testifies, and if Gordon testifies and her testimony impeaches "Lisa's" testimony in material aspects, and if the state shall thereafter materially impair Gordon's credibility as an impeachment witness, then defendant may move this court for issuance of a subpoena to petitioner, and this court will hold an *in camera* hearing on such motion to determine whether such motion should be granted under the tests specified herein.

It is therefore ordered that the motion of Bea Hines to quash subpoena duces tecum is hereby granted, and the subpoena duces tecum is quashed.