### STATE v. MILLER.
No. 76-4010.
Circuit Court, Broward County.
November 10, 1976.

James I. Cohn, Assistant State Attorney, for the state.

Peter D. Lent, Fort Lauderdale, for the defendant.

Sanford L. Bohrer of Paul & Thomson, Miami, for the movant.

M. DANIEL FUTCH, Jr., Circuit Judge.

The motion of Doug Delp to quash the subpoena served upon him by defendant David K. Miller, Jr. having come on for hearing, and the court having considered argument of counsel and the record in this case, including movant's affivadit filed in support of his motion, and being otherwise duly advised, finds —

1. Movant, a reporter for *The Miami Herald*, has filed a motion to quash a subpoena served upon him requiring him to appear and testify at deposition in this action.

2. Movant wrote an article appearing in *The Miami Herald* on August 18, 1976 (the "article"). The article reported defendant had made incriminating statements to authorities concerning the crimes with which he is charged herein. The statements were made in response to questioning by Assistant State Attorney John J. King in King's office. Also present were another assistant state attorney, a court reporter, who apparently recorded the questions and answers, three police officers, a counselor for the State Division of Youth Services, and movant. Defendant asserts the statements he made during the questioning, some of which may constitute an admission of guilt of the crime charged, were not voluntary and has moved to suppress their use at trial. He seeks movant's testimony to show such statements were not made voluntarily.

3. In gathering the information for the article and observing what transpired in Assistant State Attorney King's office, movant was acting solely in his capacity as a reporter for *The Miami Herald*.

4. Defendant seeks to inquire of movant as to published as well as unpublished information received by movant in his professional capacity as reporter for *The Miami Herald*. Movant does not contend such information or material relates to or is derived from confidential sources. Movant does contend, however, and the court finds the publication or non-publication of such information involves editorial decisions and the exercise of editorial discretion.

5. Requiring movant in this criminal case to testify and produce unpublished as well as published information received by him in the course of his duties as reporter will necessarily have a "chilling effect" upon the gathering and publication of news and upon the flow of information to the public, in violation of the First Amend-

ment to the United States Constitution and Article I, Section 4, of the Florida Constitution.

6. The issue thus presented is whether the First Amendment prevents compulsory disclosure in criminal litigation of non-confidential information developed in preparation of a newspaper article. This court concludes the paramount interest served by the unrestricted flow of public information protected by the First Amendment outweighs the subordinate interest served by the discovery provisions embodied in the Florida Rules of Criminal Procedure. Although no confidential source or information is involved, this is irrelevant to the "chilling effect" enforcement of the subpoena would have on the flow of information to the public. Whether or not the source or information is confidential, inquiry into unpublished information necessarily intrudes upon editorial decisions and can seriously impair the gathering and publication of news.

7. The First Amendment to the United States Constitution and Article I, Section 4 of the Florida Constitution require that reporters be immune from subpoenas and particularly those subpoenas directed to disclosure of source or unpublished material, unless the party seeking the testimony or production of documents first makes a showing of a sufficient interest and need to overcome this constitutional immunity and then only under appropriate safeguards to prevent abuse by those having court process available to them. As the defendant noted, in a criminal case such as this the rights of defendants under the Sixth Amendment to the United States Constitution and Article I, Section 16 of the Florida Constitution may be a substantial countervailing interest which may require issuance of subpoenas. However, when issued to reporters courts must exercise special care to prevent infringement of First Amendment protections.

8. In a criminal case, the chilling effect upon First Amendment rights arising from subpoenas can be limited if a party seeking to subpoena a reporter is required, prior to enforcement of such subpoena, to obtain leave of court after an *in camera* showing to the court that —

(a) The reporter has information relevant and material to proof of the offense charged or defendant's defense;

(b) There is a compelling need for disclosure sufficient to override the reporter's First Amendment privilege; and

(c) The party seeking the information has unsuccessfully attempted to obtain it from other sources less chilling of First Amendment freedoms.

140

9. Defendant has made no such showing and the subpoena will therefore be quashed.

It is therefore ordered that the motion of Doug Delp to quash subpoena is granted, and the subpoena is quashed.