363 So.2d 609 (1978)
GORE NEWSPAPERS COMPANY, Marion Hale, Jack Brennan and Jeffery Rodack, Petitioners,
v.
The Honorable James M. REASBECK, Circuit Court Judge, and Michael Gora, Respondents.
No. 78-1726.
District Court of Appeal of Florida, Fourth District.
October 25, 1978.
William D. Ricker, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for petitioners.
Arthur M. Wolff of Wolff & Gora, Fort Lauderdale, for respondent Gora.
DOWNEY, Chief Judge.
This is an original proceeding pursuant to Fla.R.App.P. 9.100(d), initiated by petition to review a series of orders excluding the press from access to a judicial proceeding.
During the course of a hearing on a motion to suppress evidence in a criminal case *610 pending in the Circuit Court of Broward County, respondent Michael Gora, as attorney for the defendant, requested the Court to place several news reporters under oath as witnesses in the case and exclude them from the Courtroom under the rule authorizing sequestration of witnesses. Although the State objected, the respondent trial judge complied with counsel's request without the slightest showing that the individuals involved were likely to be witnesses in the proceeding. From the transcript it should have been obvious to any casual observer that the reporters were not in fact going to be witnesses. The entire charade was simply a ruse by counsel for the defendant to exclude the press from that proceeding.
The proceeding involved a motion to suppress evidence in a criminal case. The State witnesses had been sworn and excluded under the rule of sequestration. After the first witness for the State had testified, Mr. Gora inquired of the Court as to the identity of a certain person in the courtroom. The judge opined the person was a reporter from one of the newspapers. Gora then requested that the person be sworn as a witness and sequestered, which the judge did without further ado.
Later, during the examination of his own witness, Gora stopped his examination and inquired of the Court as to the identity of another person who had entered the courtroom. That person, at Gora's request, was sworn and excluded over objection of the State. After a colloquy in which the State argued that the proceeding was public and that Gora's request was not made in good faith but was made to exclude all spectators from the courtroom, Mr. Gora stated:
"I will tell you I intend to, regardless of who comes in that door, from police officers or reporters, whoever, I am going to put them under the Rule until I know what they are here for. And it is my understanding that I have a right to." (A. 28)
Shortly thereafter Gora again interrupted his examination of the witness and had another person sworn and excluded. Again the State argued that Gora was successfully excluding the public and the press from the proceeding by this tactic when he did not even know the identity or purpose of the persons being sworn. The State requested that before complying the Court require Gora to make at least a proffer of the testimony of the witness, but the trial judge ruled that counsel had "a right to put anyone under the rule that he wants to."
A review of the transcript of the hearing discloses very clearly two things: first, Mr. Gora had not the slightest intention of calling the sequestered persons as witnesses as he had no idea of their identity nor had he any reason to believe they knew anything about the case in question and second, the trial judge exercised no discretion whatsoever in acceding to counsel's request though it was quite obvious that the rule of sequestration was being subverted.
The petitioners, Gore Newspapers Company, and the sequestered reporters, Hale, Brennan and Rodack, have petitioned this court under Fla.R.App.P. 9.100(d) to review the aforementioned orders of sequestration issued by the trial judge. The orders are not written but the record contains a transcript of the proceedings which should suffice for purposes of this review. We note also that, although the proceeding has been completed and a transcript thereof is now available, the question is not moot because, as the Supreme Court of the United States held in Nebraska Press Association et al v. Stuart, 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976), the issue of whether an order unconstitutionally impinged on freedom of the press in violation of the First Amendment is not moot since the controversy between the parties is capable of repetition, yet it evades review.[1] Unless the tactics used here to close the courtroom to the public and the press are condemned, they could fall into common usage by counsel who wish their case to be tried in a non-public setting.
*611 Upon the filing of the petition in this court we requested responses to be filed to the petition. Mr. Gora responded and contends he is not a proper party to this appellate review. The petitioners had requested that Gora be enjoined from further abuse of the sequestration rule. It appears to us that Gora is not a proper party to this review proceeding and that the requested restraining order is inappropriate. Trial judges have full and complete control over the conduct of proceedings before them and it is up to the judge within the bounds of his judicial discretion to grant or deny motions for sequestration. This authority properly exercised by the trial judge should be adequate to prevent abuse of the various procedures available to counsel in the conduct of judicial proceedings.
The orders involved here are not the usual exclusionary or gag order; they are not so direct. But the result is equally as effective to exclude the public and the press as if the trial judge simply ordered the three reporters to wait outside until the proceeding was concluded. Thus, we find no difficulty in reviewing said orders under Fla.R. App.P. 9.100(d).
The purpose of the rule allowing sequestration of witnesses is to prevent the testimony of one witness from influencing the testimony of other witnesses. Wigmore on Evidence, § 1837, et seq. (3d Ed. 1940). Whether to sequester witnesses is a matter within the sound judicial discretion of the trial judge. Spencer v. State, 133 So.2d 729 (Fla. 1961). It goes without saying that witnesses should not be sequestered indiscriminately. Normally "the rule" is invoked without ceremony as a routine matter; however, when its use is challenged, as it was here, the trial judge must determine that its use is proper and then exercise his discretion whether to allow sequestration.
Accordingly, we find the granting of the rule of sequestration was improper in this case and that the trial judge erred in failing to exercise his discretion by denying the requested invocation of the rule.
Respondent Michael H. Gora is dismissed as a party to this petition.
CROSS and ANSTEAD, JJ., concur.
NOTES
[1] The Supreme Court of Florida in State ex rel. Miami Herald Publishing Company v. McIntosh, 340 So.2d 904 (Fla. 1977), concluded similarly on the question of mootness.