### COIRA, et al v. DePOO HOSPITAL, et al.
No. 77-50-CA-17.

Circuit Court, Monroe County.

November 6, 1978.

Charles C. Powers, West Palm Beach, for plaintiffs Stanley Coira and Karl Davidson.

Ellis Rubin, Miami, for plaintiff Miguel Eisen.

Alvin E. Entin, North Miami Beach, for defendant DePoo Hospital.

Manuel W. James, Key West, for defendant J. Lancelot Lester Jr.

Sanford L. Bohrer of Paul & Thomson, Miami, for the Miami Herald and reporters William Amlong and Bard Lindeman.

GEORGE ORR, Circuit Judge.

*Order quashing subpoenas duces tecum:* The motion of William Amlong and Bard Lindeman to quash the subpoenas duces tecum served upon them by defendant DePoo Hospital, Inc. having come on for hearing, and the court being duly advised, finds —

William Amlong and Bard Lindeman, reporters for the Miami Herald, have filed a motion to quash the subpoenas duces tecum served upon them requiring them to appear, testify and produce certain items at deposition in this action. The subpoenas to movants are extremely broad, requiring them to bring with them to their depositions —

> "The entire file, including but not limited to any and all notes of conversations with Drs. Davidson, Eisen and Coira concerning the newspaper article which appeared in the Miami Herald on October 31, 1976, concerning charges made by Drs. Davidson, Eisen and Coira relating to the medical practice in Key West, Florida."

In gathering the information for the article referred to in the subpoenas, movants did so as reporters for the Miami Herald.

Defendant seeks to inquire of movants as to published as well as unpublished information and materials gathered, developed or prepared by movants in their professional capacity as reporters for the Miami Herald. Movants do not contend such information or material relates to or is derived from confidential sources. Movants do contend, however, that the publication or non-publication of such source materials involves editorial decisions and the exercise of editorial discretion. See *Miami Herald Publishing Company v. Tornillo,* 418 U.S. 241 (1974).

Movants further submit that requiring them in this civil litigation to testify and produce unpublished as well as published documents or information received or developed by them in the course of their duties as reporters will have a "chilling effect" upon the gathering and publication of news and upon the flow of information to the public, in violation of the First, Fourth and Fourteenth Amendments to the United States Constitution and Article I, Sections 4 and 12 of the Florida Constitution.

The issue thus presented is whether our constitutional guarantees of freedom of the press prevent compulsory disclosure in civil litigation of non-confidential materials or information developed in preparation of a newspaper article. This court concludes the paramount interest served by the unrestricted flow of public information protected by such guarantees outweighs the subordinate interest served by the liberal discovery provisions embodied

in the Florida Rules of Civil Procedure and the rules of evidence. Although no confidential source or information is involved, this is irrelevant to the "chilling effect" enforcement of the subpoenas would have on the flow of information to the public. Regardless of whether the source of information is confidential, inquiry into unpublished matters necessarily intrudes upon editorial decisions and can seriously impair the gathering and publication of news.

In civil litigation the First, Fourth and Fourteenth Amendments to the United States Constitution and Article I, Sections 4 and 12 of the Florida Constitution require that reporters be immune from subpoenas and particularly those subpoenas directed to disclosure of sources, unpublished information or notes, or other source materials. In a criminal case the rights of defendants under the Sixth Amendment to the United States Constitution and Article I, Section 16 of the Florida Constitution are substantial countervailing interests which may require that a balancing test be applied in determining whether a reporter must comply with a subpoena. See, e.g., *State v. Stoney,* 42 Fla. Supp. 194 (Fla. 11th Cir. Ct. 1974), *State v. Hurston,* Case No. 77-518 (Fla. 5th Cir. 1978). These constitutional factors do not exist in a civil case. And while the court recognizes the possible impediments to proof such immunity may cause a civil litigant and the possible loss of money which might result, these factors cannot defeat the reporter's privilege not to disclose under our constitutional guarantees of freedom of the press.

It is therefore ordered that the motion of William Amlong and Bard Lindeman to quash subpoenas is hereby granted, and the subpoenas duces tecum are quashed, and in accordance with Rules 1.280(c) and 1.380(a)(4), of the Florida Rules of Civil Procedure attorney's fees of $1,000 are awarded to movants.