### STATE v. BEATTIE.

No. 78-11313.

Circuit Court, Dade County, Criminal Division.

January 9, 1979.

James H. Woodard and Lance Stelzer, Assistant State Attorneys, for the state.

Robert C. Josefberg, Miami, and Jack Attias, North Miami, for the defendant.

Alan Rosenthal of Milledge & Hermelee, Miami, for the movants Sunbeam Television Corporation and Ralph Page.

DAVID L. LEVY, Circuit Judge.

This cause having come on to be heard on the motions to quash subpoena duces tecum of Ralph Page and Sunbeam Television Corporation and the court having heard argument of counsel and being otherwise duly advised in the premises, finds —

1. Sunbeam Television Corporation (hereinafter "Sunbeam") owns and operates WCKT-Channel 7, a television broadcasting station in Miami, Florida. Ralph Page is a reporter for Sunbeam Television Corporation.

2. In his professional capacity as a reporter for Sunbeam, Page reported on the crimes which form the basis of this proceeding, including a report presented on the station's 6 P. M. news program on the evening of January 3, 1979.

3. On January 5, 1979, a subpoena duces tecum was served upon WCKT-TV [sic] requiring the appearance of Ralph Page on January 8, 1979 for deposition and setting forth the following instructions —

> "*You are to bring with you:* The transcript and tape of film and all other notes, records, memoranda, reports, etc., pertaining to the newscast of January 3, 1979 on the 6:00 P. M. News regarding the above case."

A similar subpoena was served on Sunbeam's records custodian with the same instructions.

4. The compelled appearance of Page and/or production of the material sought by defendant herein strikes at the heart of newsgathering and editorial processes which are protected by the First Amendment to the United States Constitution and Article I, Section 4 of the Florida Constitution. See: *In Re: Adoption of Proposed Local Rule 17*, 339 So.2d 181, 183 (Fla. 1976); *Morgan v. State*, 337 So.2d 951 (Fla. 1976); *Branzburg v. Hayes*, 408 U.S. 665, 681 (1972).

5. As stated by the United States Supreme Court, compulsory process has a chilling effect on First Amendment freedoms —

> "It is particularly important that the exercise of the power of compulsory process be carefully circumscribed when the investigative process tends to impinge upon such highly sensitive areas as freedom of speech or press, freedom of political association, and freedom of communication of ideas." *Sweezy v. New Hampshire*, 354 U.S. 234, 245 (1957). See also: *State v. Petrantoni*, 48 Fla. Supp. 49, 4 Med. L. Rptr. 1554 (Fla. 6th Cir Ct. 1978).

6 To protect against the chilling effect of compulsory process, the press has been afforded a broad privilege under the First Amendment against compelled testimony and production of documents, *Branzburg v. Hayes*, 408 U.S. 665, 707 (1972); *Morgan v. State*, 337 So.2d 951, 955-956 (Fla. 1976). This privilege is necessary to insure the free flow of information to the public by protecting the news gathering process as well as the exercise of editorial judgment. See: *Herbert v. Lando*, 568 F.2d 974 (2d Cir. 1977).

7. Therefore, when a reporter under subpoena, asserts his or her First Amendment privilege, the burden shifts to the party seeking compelled testimony to demonstrate and prove that there is a compelling interest in requiring such testimony, which interest is sufficient to override First Amendment interests. *Morgan v. State*, supra; *Florida v. Hurston*, 3 Med. L. Rptr. 2295, 2296 (Fla. 5th Cir. Ct. 1978); *State v. Miller*, 45 Fla. Supp. 137 (Fla. 17th Cir. Ct. 1976); *State v. Stoney*, 42 Fla. Supp. 194 (Fla. 11th Cir. Ct. 1974).

8. These cases establish that before a reporter's testimony may be compelled, the party seeking the testimony must demonstrate that —

(a) the reporter has information relevant and material to the offense charged or to the defense of the person charged;

(b) the reporter has relevant and material information which is not available from sources not protected by the First, Fourth and Fourteenth Amendments to the United States Constitution;

(c) the defendant has attempted unsuccessfully to obtain the evidence sought from other sources less chilling of First Amendment freedoms; and

(d) the evidence sought is so important that non-production thereof would result in violation of the defendant's constitutional rights.

*State v. Stoney*, supra; *State v. Miller*, supra; *State v. Petrantoni*, supra.

9. Defendant herein has made no showing that Page, in his capacity as a reporter, or Sunbeam have relevant and material information, and defendant has not met the other requirements of *State v. Stoney*, supra. Counsel for defendant Stephen Beattie has stated, however, that there were three items about which he desired to question Ralph Page —

(1) The alleged transfer of a gun from Page to the victim, John Mitchell;

(2) Page's alleged membership at the health spa where the crimes herein took place; and

(3) Page's alleged prior knowledge of, and/or relationship with the widow of the victim, John Mitchell.

All of these areas of inquiry are directed to Ralph Page in his individual capacity prior to July 23, 1978, the date of the crimes alleged herein.

Wherefore, with respect to the areas of inquiry delineated in paragraph 9 above, Page is directed to appear for deposition. However, no showing having been made to satisfy the requirements set down in *State v. Stoney*, supra, the motion to quash subpoena duces tecum is granted with respect to all other areas of inquiry directed to Ralph Page in his capacity as a reporter and the subpoena duces tecum is hereby quashed in accordance with this order.

For the reasons outlined above, the motion to quash subpoena duces tecum of Sunbeam Television Corporation is granted and the subpoena duces tecum is quashed.