375 So.2d 297 (1979)
TIMES PUBLISHING COMPANY and Jane Baumann, Petitioners,
v.
The Honorable Charles W. BURKE, Respondent.
No. 79-265.
District Court of Appeal of Florida, Second District.
May 30, 1979.
*298 George K. Rahdert, St. Petersburg, for petitioners.
Jim Smith, Atty. Gen. and Brian E. Norton, Asst. Atty. Gen., Tallahassee, for respondent.
GRIMES, Chief Judge.
This is a petition for certiorari to review an order entered instanter which required a news reporter covering a hearing in a civil action to testify concerning pertinent information which she had gleaned in her investigation.
The pending action was a suit by certain members of John 3:16 Mission for an injunction prohibiting John Cook, the president and director of the mission, from selling mission property. The complaint alleged that Cook was absent from the state and that he was a fugitive from justice. Ms. Baumann, in her capacity as a reporter for The St. Petersburg Evening Independent, attended a 7:45 a.m. emergency hearing on a motion for temporary injunction. Following the close of the plaintiff's testimony, plaintiff's counsel commented on certain statements that Cook had purportedly made to Ms. Baumann when she called him in Oklahoma. Thereupon, the court ordered Ms. Baumann to answer, under oath, questions concerning the contents of her phone conversation with Cook. Ms. Baumann stated that she would happily answer the questions but that she first wished the opportunity to consult with an attorney. The court refused her request and directed her to respond immediately. Fearing the consequences of her failure to testify, Ms. Baumann answered the questions. Her testimony revealed that Cook had told her that he intended to sell the mission real estate in order to pay off his creditors. The court then entered a ten-day restraining order against the defendant.
Two days later, Ms. Baumann and her employer filed a motion for rehearing and reconsideration of the order compelling her to testify. After a hearing, the court found that Ms. Baumann's testimony concerning her conversation with Cook was relevant and that the exigencies of the situation had warranted requiring Ms. Baumann to testify because the facts known by her were not available from any other source. The court denied the motion for rehearing.
At the outset, we reject the suggestion to decline to consider this petition because the issues are moot. Even though Ms. Baumann has already disclosed the requested information, the matters involved are of substantial public interest, and our opinion will provide guidance in the event of similar occurrences in the future. Gore Newspapers Co. v. Reasbeck, 363 So.2d 609 (Fla.4th DCA 1978). Otherwise, this controversy, which is capable of repetition, may evade review. Nebraska Press Association v. Stuart, 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976).
In Morgan v. State, 325 So.2d 40, 42 (Fla.2d DCA 1975), this court said:
Our own Supreme Court held fairly early on in Clein v. State [52 So.2d 117 (Fla. 1950)] that there was no privilege of confidentiality. It was held there that newspersons are under the same duty to testify, when properly called upon, as any other person. In the light of the more recent United States Supreme Court decision in Branzburg v. Hayes, [408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972)] however, it is probable that the ruling in Clein is no longer the law, or, at least, has been considerably diluted. As we read Branzburg, as have other courts construing it, there is to some degree a recognizable limited or conditional First Amendment privilege to confidentiality of news sources which, nonetheless, must yield when outweighed by a more compelling public interest. Branzburg, as here, was concerned with a grand jury setting, and it was determined there that a valid inquiry into criminal activity was of sufficient compelling nature as to override *299 whatever conditional privilege was vested in the press. Additionally, it has been suggested that Branzburg may also require that a determination be made that society's interest is "immediate, substantial, and subordinating"; that there be a "substantial connection" between the information desired of the witness and the interest of society in the subject matter of the investigation; "and that the means of obtaining the information is not more drastic than necessary to forward the asserted governmental interest."
The foregoing statement was not adopted by our supreme court, as such,[1] but that court must have concluded that members of the press have some degree of privilege because our decision in Morgan which upheld an order holding a reporter in contempt for refusing to divulge the source of a grand jury leak was quashed. Morgan v. State, 337 So.2d 951 (Fla. 1976). Of course, Morgan dealt with the confidentiality of an anonymous news source, whereas the case at hand involves the confidentiality of statements to a reporter by a known source. In any event, there are serious first amendment questions which must be considered before a court can compel a news reporter to testify concerning information received from his sources, and these issues must be explored in a proceeding which is fair to all concerned parties.
We have concluded that the procedure followed below was lacking in due process. The essence of procedural due process is the right to a hearing upon reasonable notice. Ryan's Furniture Exchange v. McNair, 120 Fla. 109, 162 So. 483 (1935). Furthermore, the opportunity to be represented by counsel in both civil and in criminal proceedings has been equated with due process. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).
Ms. Baumann's only interest in the hearing was that of a reporter covering a news story. Yet, without prior notice and without the benefit of subpoena she was called to the stand and immediately required to answer, under pain of contempt, questions concerning what she had learned during her investigation. Even her request for the opportunity to first consult with an attorney was denied. Thus, the basic requirements of due process were wanting. The after-the-fact determination in the order denying rehearing that, under the circumstances, a first amendment privilege was never available to Ms. Baumann did not suffice to afford her due process at a time when she was entitled to it. Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).
The petition for certiorari is granted, and the order requiring Ms. Baumann to answer the questions is hereby quashed.
HOBSON and DANAHY, JJ., concur.
NOTES
[1] See Morgan v. State, 337 So.2d 951, 956 (Fla. 1976) (Sundberg, J., concurring).