## STATE v. SILBER
No. 79-6171
Circuit Court, Dade County, Criminal Division
June 1, 1979

Janet Reno, State Attorney, Charles Mays, Assistant State Attorney, for the state.

Seymour London, North Miami, for the defendant.

Alan Rosenthal of Milledge & Hermelee, Miami, for the movant.

JON I. GORDON, Circuit Judge.

This cause is before the court for disposition of the motion of Vic Walter to quash subpoena duces tecum. On May 30, 1979, the court heard argument of counsel and received citations of authority.

## Background

Vic Walter is a reporter for Sunbeam Television Corporation, which owns and operates WCKT-Channel 7, a television broadcasting station in Miami. On May 10, 1979 a subpoena duces tecum was delivered to the offices of Sunbeam Television Corporation requiring the appearance of Vic Walter for deposition on May 14, 1979, and instructing him to —

> Bring with you each and every and all recorded statements made by Calvin Silber, and Roland Alfred Normandin, and which have been recorded on tape, or which have been transcribed or which are evidenced by any notes to be subsequently reduced in writing and which were used during the course of a reportive series during the weeks of April ninth through April 30th, 1979. To further bring each and every film, film clip, still photographs drawing of physical depiction of Calvin Silber and Roland Alfred Normandin obtained, accumulated or taken by the deponent or any and all other parties with whom the deponent has had a relationship, a connection or who furnished documentary and film information in the matter which gave rise to the prosecution of the above style case of Mr. Silber and Mr. Normandin, whether said information was obtained during an investigation conducted by the deponent and his associates or after the defendants had been informed against, and further to bring all work notes, names of parties who furnished information to the said Vic Walter in relation to the above cause which are currently in the files over which Channel WCKT has possession or deponent has possession, and which was used in that certain series or exposée televised by Channel WCKT which gave rise to and information having been filed against Calvin Silber and Roland Alfred Normandin in the above styled cause, to wit:

> The charges for bribing a police officer, conspiracy to bribe a police officer or to pay unlawful compensation to a police officer. To further bring any and all materials and documents, statements and notes given to the deponent by any member of the Department of Public Safety, Dade County, Florida, the Organized Crime Bureau of the County of Dade, of the Public Safety Department of the State of Florida and/or the Police Department of the City of Miami, County of Dade, State of Florida.

Any information which Mr. Walter possesses concerning the defendant was collected by him in his professional newsgathering capacity as a television reporter and as part of his newsgathering activities.

## Applicable law

The compelled appearance of Mr. Walter and/or production of the material sought by the defendant herein strikes at the heart of the newsgathering and editorial processes which are protected

by the First Amendment to the United States Constitution and Article I, Section 4 of the Constitution of the State of Florida. See: *In Re: Adoption of Proposed Local Rule 17*, 339 So.2d 181, 183 (Fla. 1976); *Morgan v. State*, 337 So.2d 951 (Fla. 1976); *Branzburg v. Hayes*, 408 U.S. 665, 681 (1972); *State v. Beattie*, 48 Fla. Supp. 139, (Fla. 11th Cir. Ct. 1979). As stated by the United States Supreme Court, compulsory process has a chilling effect on First Amendment freedoms —

> "It is particularly important that the exercise of the power of compulsory process be carefully circumscribed when the investigative process tends to impinge upon such highly sensitive areas as freedom of speech or press, freedom of political association, and freedom of communication of ideas." Sweezy v. New Hampshire, 354 U.S. 234, 245 (1957).

To protect against the chilling effect of compulsory process, the press has been afforded a broad privilege under the First Amendment against compelled testimony and production of documents. *Branzburg v. Hayes*, 408 U.S. 665, 707 (1972); *Morgan v. State*, 337 So.2d 951, 955-956 (Fla. 1976). This privilege is necessary to insure the free flow of information to the public by protecting the newsgathering process as well as the exercise of editorial judgment. See: *Miami Herald Publishing Company v. Tornillo*, 418 U.S. 241 (1974).

Therefore, when a reporter under subpoena, asserts his or her First Amendment privilege, the burden shifts to the party seeking compelled testimony to demonstrate and prove that there is a compelling interest in requiring such testimony, which interest is sufficient to override First Amendment considerations. *Morgan v. State*, supra; *State v. Beattie*, supra; *State v. Stoney*, 42 Fla. Supp. 194 (Fla. 11th Cir. Ct. 1974); *State v. Morel*, 4 Med. L. Rptr. 2309 (Fla. 17th Cir. Ct. 1979). These cases establish that before a reporter's testimony may be compelled, the party seeking the testimony must demonstrate that —

> (a) the reporter has information relevant and material to the offense charged or to the defense of the person charged;
>
> (b) the reporter has relevant and material information which is not available from sources not protected by the First, Fourth and Fourteenth Amendments to the United States Constitution;
>
> (c) the defendant has attempted unsuccessfully to obtain the evidence sought from other sources less chilling of First Amendment freedoms; and
>
> (d) the evidence sought is so important that non-production thereof would result in violation of the defendant's constitutional rights.

74

*State v. Beattie,* supra; *State v. Stoney,* supra.

The recent landmark cases of *In the Matter of: Myron Farber and the New York Times,* 394 A.2d 330 (N.J. 1978), cert. den. in *New York Times v. New Jersey,* U.S. , 4 Med.L.Rptr. 1864, November 27, 1978, and *Herbert v. Lando,* U.S. , 99 S.Ct. 1635 (1979), are not dispositive of the issues before this court. These cases simply reaffirm the qualified nature of the privilege asserted by movant under the First Amendment. The courts of our nation must continue, under constitutional standards, to balance against First Amendment values, an asserted interest which may conflict with the cherished values of a free press.

The First Amendment safeguards as defined in *Stoney,* supra, and in *Beattie,* supra, retain their vitality and insure the free flow of information to the public by restricting the extent to which journalists may be compelled to testify before a legal tribunal.

The chilling effect on a free press of compulsory process is self-evident. In the absence of compelling interests which satisfy the constitutional safeguards of the *Beattie* test, a journalist, in the exercise of newsgathering activities is not subject to compulsory process relating to those newsgathering activities.

### Conclusion and holding

Defendant has made no showing that movant has relevant and material information and defendant has not satisfied the other requirements of *State v. Beattie,* supra, and *State v. Stoney,* supra. The motion to quash subpoena duces tecum of Vic Walter is granted and the subpoena duces tecum is hereby quashed.