### STATE OF FLORIDA v. KANGUS, et al.
Case Nos. 81-11659,
81-11663, and 81-11599
County Court, Palm Beach County
July 6, 1982

Florence Beth Snyder, for the reporter.

Barry L. Halpern, for defendant.

Ondina Felipe, Assistant State Attorney, for plaintiff.

HAROLD COHEN, County Court Judge.

THIS CAUSE came on for hearing upon the motion to quash filed on behalf of the witness John Gersuk.

Gersuk is a reporter for The Post, a newspaper of general circulation in Palm Beach County, Florida. Neither The Post nor any of its employees, including Gersuk, are parties to this criminal case.

Gersuk was subpoenaed to testify on behalf of the Defendants 45th Street Adult Bookstore, John Kangus, and Edward McKee. The Defendants were facing various misdemeanor charges arising out of the alleged possession and sale of obscene materials.

Defendants did not contend that Gersuk had personal knowledge concerning the alleged offenses.

Rather, the Defendants subpoenaed Gersuk because of his authorship of an article for The Post entitled "Judge Watches Drive-In's Film; Finds It Obscene." The Defendants intended to question Gersuk concerning

the accuracy of the quotation contained in the last paragraph and attributed to State Attorney David Bludworth.[1]

The Defendants intend to call the State Attorney as a trial witness in order to elicit testimony on the issue of community standards. The State Attorney's deposition has not been taken, and it is not known if he would admit or deny having made the statement attributed to him by Gersuk.

At the hearing on Gersuk's motion to quash, Gersuk asserted a First Amendment-based testimonial privilege. He contended that the testimony of a non-party journalist could not be compelled unless the Defendants could demonstrate that the journalist's testimony is essential to the fair administration of justice and that the information sought cannot be obtained from alternate sources not protected by the First Amendment.

The Defendants argued that they had the right to call Gersuk at trial as " . . . a secondary witness — not necessarily to impeach, but in fact to be there as other credible evidence that Mr. Bludworth does know or has knowledge as to a breakdown of the community."

The Court is of the opinion that the Defendants are in fact attempting to impeach the State Attorney through Gersuk's testimony. Since it is the Defendants who are calling the State Attorney as their witness, it would be improper for them to attack his credibility. See, Section 90.608, Fl. Stats. (1980).

Even if the State Attorney were subject to impeachment as an adverse witness, the Court is of the opinion that Gersuk's testimony on this point would be inadmissible hearsay under Section 90.802, et. seq., Fla. Stats. (1980).

Although the motion to quash is granted upon those narrow grounds, the Court would note that above and beyond the evidentiary considerations, the reporter's constitutional claims of privilege are well-founded. See, *Times Pubishing Co. v. Burke,* 375 So.2d 297 (Fla. 2d DCA 1979); *Morgan v. State,* 337 So.2d 951 (Fla. 1976); *Miller v. Transamerican Press,* 621 F.2d 721, modified on rehearing 628 F.2d 932 (5th Cir. 1980); *Loadholtz v. Fields,* 389 F.Supp. 1299 (M.D. Fla. 1977); *Florida v. Peterson,* 7 Med.L. Rptr. 1090 (Fla. Cir. Ct. 1981); *Brown v. City of Okeechobee,* 6 Med.L.Rptr. 2579 (S.D. Fla. 1981); *Florida v. Evans,* 6 Med.L rptr. 1979 (Fla. Cir. Ct. 1980); *Florida v. Beattie,* 48 Fla. Supp. 139 (Fla. Cir. Ct. 1979); *Florida v. Morel,* 4 Med.L.Rptr. 2309 (Fla.

---

[1]The quotation reads as follows:

"There is a difference in what can be taken into a private residence and what was displayed on a drive-in theater open to the public."

Cir. Ct. 1979); *Florida v. Silber,* 5 Med.L.Rptr. 1188 (Fla. Cir. Ct. 1979); *United States v. Gersten,* 5 Med.L.Rptr. 1334 (M.D. Fla. 1979); *In re Nugent,* 5 Med.L.Rptr. (Palm Beach County Cir. Ct. 1979); *Florida v. Hurston,* 3 Med.L.Rptr. 2295 (Cir.Ct. Lake County, Case No. 77-518, Order of March 17, 1978); *Florida v. Petratoni,* 4 Med.L.Rptr. 1554 (Fla. Cir. Ct. 1978); *Laughlin v. State,* 43 Fla. Supp. 166 (1974), aff'd 323 So.2d 691 (Fla. 3 DCA 1975); *Florida* v. *Stoney,* Fla. Supp. 194 (Fla. Cir.Ct. 1974); *Spiva v. Francoeur,* 31 Fla. Supp. 49 (Fla. Cir.Ct. 1974).

The Court has considered these cases and finds that the relevance of the testimony sought from Gersuk is far less than what is required to overcome the privilege he asserts. Accordingly, it is hereby:

ORDERED AND ADJUDGED that John Gersuk's motion to quash is GRANTED, and the reporter is relieved of having to testify at trial or appear at deposition.