**HANCOCK, et al. v. WILKINSON, et al.**
Case No. 80-196-G
Tenth Judicial Circuit, Highlands County
October 19, 1982

Marilyn J. Holifield, Holland & Knight, for The Tribune Company and David Nicholson

James W. Kelly, for plaintiffs.

Daniel Joy, for defendants.

R. EARL COLLINS, Circuit Judge

This cause came to be heard on David Nicholson's motion to quash a subpoena for trial.

At the hearing on the motion, it was established that David Nicholson is a reporter employed by The Tribune Company, publisher of *The Tampa Tribune.* The plaintiffs subpoenaed Nicholson to give testimony concerning statements attributed to the defendant in a news story written by Mr. Nicholson.

This court agrees with the proposition that the First, Fourth and Fifth Amendments of the United States Constitution and Article V, Sections 4 and 12, of the Florida Constitution afford protection to the press with respect to virtually all aspects of the newsgathering process. *Florida v. Peterson,* 7 Med.L.Rptr. 1190, 1191 (Fla. Pinellas Cty. Ct. 1981). Whenever a compulsory process is directed against a member of the press, serious First Amendment questions are presented which must be carefully weighed and scrutinized by the courts. *Times Publishing Co. v. Burke,* 375 So.2d 297, 299 (Fla. 2d DCA 1979); *Florida v. Peterson,* 7 Med.L.Rptr. at 1191.

When a newspaper reporter under subpoena, like Nicholson, asserts his First Amendment privilege, the burden shifts to the parties seeking compelled testimony to demonstrate and prove that there is a compelling interest in requiring such testimony and that interest is sufficient to override the reporter's First Amendment interests. *Florida v. Silber,* 5 Med.L.Rptr. 1188, 1189 (Fla. 11th Cir. Ct. 1979); *Florida v. Peterson,* 7 Med.L.Rptr. at 1191; *Schulthise v. Weyer Brothers,* 6 Med.L.Rptr. 1661 (Fla. 4th Cir. Ct. 1980). The parties seeking compelled testimony or documents from a newsgatherer must demonstrate there is a compelling interest in requiring such testimony sufficient to override the First Amendment interests as measured by these four criteria:

1. The press has information relevant to the allegations in the complaint or defenses to the complaint;

2. The press has relevant and material information which is not available from sources not protected by the First, Fourth, and Fourteenth amendments to the United States

Constitution and Article V, Sections 4 and 12 of the Florida Constitution;

3. The parties seeking the information have unsuccessfully attempted to obtain the evidence from other sources less chilling of the First Amendment freedoms, and has exhausted all efforts in this regard; and

4. The evidence sought is so important that nonproduction thereof would result in a violation of the subpoening parties' constitutional rights.

*Florida v. Peterson,* 7 Med.L.Rptr. at 1091; *Florida v. Silber,* 5 Med.L.Rptr. at 1189, 1190; *see Florida v. Evans,* 6 Med.L.Rptr. 1979 (Fla. 11th Cir. Ct. 1980).

The plaintiffs have not satisfied their burden of establishing that they have fulfilled the four criteria for subpoening testimony from Mr. Nicholson. The plaintiffs seek to inquire as to the truth of certain statements made by the defendant that were reported in Nicholson's article. In view of the numerous persons who are available to testify (eyewitnesses to and participants in the events discussed in the article), the plaintiffs have failed to show that there is a compelling necessity for the testimony of David Nicholson. In addition the affidavit of David Nicholson confirms that a true and accurate copy of the article in question has been filed in this cause.

WHEREFORE, it is ORDERED and ADJUDGED:

That the subpoena directed against David Nicholson be, and the same is hereby quashed.