## STATE OF FLORIDA v. ROMAN
Case No. 81-87 CF
Fifth Judicial Circuit, Sumter County
May 20, 1983

Deputy State Attorney, for plaintiff.

Assistant Public Defender, for defendant.

William G. Mateer, Mateer, Harbert, Frey, Bechtel & Phalin, for Jim Runnels and the Sentinel Communications Company.

JOHN W. BOOTH, Circuit Judge.

## ORDER

This cause came on to be heard upon a Motion to Quash Subpoena filed by Jim Runnels and the Sentinel Communications Company.

Runnels is a reporter for *The Orlando Sentinel*. Neither the *Sentinel* or any of its employees, including Runnels, are parties to this criminal case.

Runnels was subpoenaed to testify at a hearing on a Motion for New Trial filed by the Defendant for the purpose of impeachment of possible testimony of the Deputy State Attorney who was also subpoenaed by the Defendant to testify at Motion for New Trial as to the Deputy State Attorney's intention or motivation prior to and in giving a closing argument in this cause. Defendant has acknowledged before the Court that Runnels has no knowledge of any facts or circumstances pertaining to the Defendant's guilt or innocence.

Compulsory process directed against a newspaper reporter interferes with news gathering and editorial processes which are protected by the First Amendment to the United States Constitution and Article I, Seciton 4, of the Florida Constitution. To protect and preserve this constitutionally mandated free flow of information to the public, our courts have developed a qualified privilege to protect the delicate relationship between news reporter and news source. The qualified privilege prevents compelled testimony by a news reporter regarding his or her news gathering activities except in those rare occasions when society's interest in compelled disclosure is so great that the First Amendment must yield.

Whenever compulsory process is directed against a member of the press, serious First Amendment questions are presented which must be carefully weighed and scrutinized by the Court. *Times Publishing Co. v. Burke,* 375 So.2d 297, 299 [5 Med.L.Rptr. 1301] (Fla. 2d DCA 1979).

The protection guaranteed the press by the United States Constitution and the Florida Constitution require a determination by the Court that society's interest in compulsory testimony be immediate, substantial and subordinating, that there be a substantial connection between the information sought and the interest of society in the subject matter of the investigation and that the means of obtaining the information is not more drastic than necessary to forward the asserted governmental interest. *Branzburg v. Hayes,* 408 U.s. 665 [1 Med. L. Rptr. 2617] (1972); *Times Publishing Co. v. Burke, supra; Morgan v. State,* 325 So.2d 40, 42 (Fla. 2d DCA 1975), rev's on other grounds, 337 So.2d 951 (Fla. 1976); *Gadsden County Times v. Horne,* ____ So.2d ____ , 8 Florida Law Weekly 522 (Fla. 1st DCA 1983).

Once the First Amendment privilege is asserted by the reporter, the burden shifts to the party seeking compelled testimony to demonstrate and prove a compelling interest in compulsory testimony sufficient to subordinate the First Amendment. *State v. Silber,* 49 Fla. Supp. 71, 73 [5 Med.L.Rptr. 1188] (Dade Cir. Ct. 1979); *State v. Beattie,* 48 Fla. Supp. 139, 171 [4 Med.L.Rptr. 2150] (Dade Cir. Ct. 1979); *State v. Petrantoni,* 48 Fla. Supp. 49, 50 [4 Med.L. Rptr. 1554] (Pinellas Cir. Ct. 1978); *State v. Miller,* 45 Fla. Supp. 137, 139-140 (Broward Cir. Ct. 1976); *State v. Peterson,* ____ Fla. Supp. ____ [7 Med.L.Rptr. 1090] (Fla. 6th Cir. Ct. 1981). It is established on these authorities and the cases there cited that in order to meet this burden of proof, the proponent of testimony must demonstrate that:

(a) The reporter has information relevant and material to the offense charged or to the defense of the person charged;

(b) The reporter has relevant and material information which is not available from sources not protected by the First, Fourth and Fourteenth Amendments to the United States Constitution and Article I, Sections 4 and 12 of the Florida Constitution;

(c) The party seeking information has unsuccessfully attempted to obtain the evidence sought from other sources less chilling of First Amendment freedoms, and has exhausted all efforts in this regard;

(d) The evidence sought is so important that nonproduction thereof would result in a violation of the defendant's constitutional rights.

The Defendant's subpoena is for the purpose of providing possible impeachment testimony and, as such, is a collateral matter involving the subjective state of mind of the Deputy State Attorney before and during his closing argument. Such evidence sought is not of sufficient probative value or relevancy to compel the testimony sought in putting aside the reporter's First Amendment privilege. *Brown v. Commonwealth of Virginia,* 204 S.E.2d 429 (Va. 1974); *People v. Marahan,* 368 N.Y.S.2d 685 (N.Y. S.Ct. 1975); *State v. Kangus,* 8 Med.L.Rptr. 2045 (Fla. 15th Jud. Cir. 1982); *State v. Stoney,* 42 Fla. Supp. 194 (Fla. 11th Cir. Ct. 1974); *People v. Monroe,* 370 N.Y.S. 2d 1007 (N.Y. S.Ct. 1975).

The Defendant has also argued before the Court that the reporter has waived his privilege, basing such position on Florida Statute §90.507 of the Florida Evidence Code. The Florida Evidence Code does not apply to constitutional privileges; such construction would be constitutionally impermissible.

The Court has considered cases and argument of counsel and it is apparent to the Court that the Defendant has not made the required showing. Accordingly, it is therefore,

ORDERED AND ADJUDGED that the Motion to Quash Subpoena of reporter Runnels is hereby granted and the subpoena is hereby quashed.