# STATE OF FLORIDA v CRAWFORD
## Case No. 83-6475
Seventeenth Judicial Circuit, Broward County
October 22, 1985

### APPEARANCES OF COUNSEL

**Florence Beth Snyder, Milledge, Iden & Snyder,** for WSVN and Jere Pierce.

**Sidney Solomon** for Art Crawford.

**Michael J. Satz,** State Attorney, 17th Judicial Circuit, for state.

### OPINION OF THE COURT

RUSSELL E. SEAY, JR., Circuit Judge.

### *ORDER GRANTING MOTION TO QUASH*

Petitioner Jere Pierce is employed as a Broward County (News) Bureau Chief by WSVN-Channel 7, a television station which serves South Florida, including Broward County. He was subpoenaed duces tecum for deposition by the Defendant, Art Crawford, who is charged with escaping from the Broward County Courthouse on June 9, 1983.

Crawford's recapture was videotaped by a Channel 7 photographer.

Through counsel, Pierce represents that he was not present at Crawford's arrest and possesses no personal knowledge whatsoever concerning Crawford's guilt or innocence; that neither he nor Channel 7 maintain records which would reveal which photographer was present; and that he tried and failed to locate the videotape of the arrest.

Subpoenas directed to members of the media have been the subject of frequent litigation in Broward County, in Florida, and throughout the nation, with courts consistently recognizing that such subpoenas raise serious First Amendment questions which must be carefully weighed and scrutinized by the Court. *Johnson v. Bentley*, 457 So.2d 507 (Fla. 2d DCA 1984); *Gadsden County Times v. Horne*, 426 So.2d 1234 (Fla. 1st DCA) *pet. rev. denied*, 441 So.2d 631 (1983); *Tribune Co. v. Green*, 440 So.2d 484 (Fla. 2d DCA 1983); *Times Publishing Co. v. Burke*, 375 So.2d 297 (Fla. 2d DCA 1979). The courts have very rarely enforced such subpoenas, but they have held that in a narrow class of cases, a journalist's testimony may properly be required.

The burden of proof is always upon the party seeking to compel a journalist's testimony to show that the information sought is not protected by the First Amendment testimonial privilege.

Crawford wishes to depose Pierce to determine whether a diligent search was made for the missing videotape. Pierce argued that this purpose is insufficient to overcome the privilege which has been developed by Florida courts.

It is well-settled that the testimonial privilege for non-party journalists "is applicable to criminal as well as civil cases and to confidential and non-confidential sources of information." *Tribune Co. v. Green, supra.* 440 So.2d at 486. Although the rationale for the privilege has been most fully developed in so-called confidential source cases,[1]

> The purpose of this constitutional privilege is not simply to protect confidential news sources, but rather extends protection to the newsgathering process, the exercise of editorial judgment, and more fundamentally, the privileges designed to promote the free flow of information in which the public is the ultimate beneficiary.

---

[1] See, *Morgan v. State*, 337 So.2d 951 (Fla. 1976) (reporter's contempt conviction for refusal to testify before a grand jury reversed); *State v. Transamerican Press*, 621 F.2d 721, modified on rehearing 628 F.2d 932 (5th Cir. 1980) (recognizing a qualified privilege for confidential sources in a libel suit).

*Florida v. Petrantoni,*
48 Fla. Supp. 49
(Fla. Cir. Ct. 1978)

Compulsory process by its very nature has a chilling effect on the newsgathering process and the exercise of editorial discretion, and, therefore, upon the freedom of the press. *Times Publishing Co. v. Burke, supra,* 375 So.2d 297.

It is not enough for a party to assert that a reporter's testimony might be helpful to his case, or that reporters make good witnesses, or that the reporter is the most convenient source of information. Rather, the subpoenaing party must demonstrate that the journalist's testimony is essential to the fair administration of justice and that this information cannot be obtained from alternative sources not protected by the First Amendment.

A criminal defendant cannot displace this requirement by a simple assertion of his right to discovery. Even where a defendant has been charged with a major felony, Florida judges have refused to sanction fishing expeditions into journalists' personal observations, notes, tapes, or outtakes, without a clear-cut showing of relevance, materiality, and unavailability.

The Defendant referred the Court to only one case, *Satz v. Neal,* 10 Fla. L. Wkly, 1683 (Fla. 4th DCA 1983) *pet. for rehearing en banc pending.* In *Neal,* the Court held that an individual's status as a newspaper reporter does not confer a privilege to withhold physical evidence of a crime. No such issue is presented here.

Moreover, if Crawford has a valid need for information about a television videotape, the place to seek it is from the station's records custodian—not a journalist.

For these reasons, Pierce's motion to quash is granted.