PER CURIAM.
Palm Beach Newspapers, LLC d/b/a The Palm Beach Post, and its reporter John Pacenti, petition for a writ of certio-rari. We grant the petition.
Without any prior notice to the reporter, or any showing that the reporter had relevant testimony, the judge allowed one-of the parties to call the reporter as a witness before the start of trial. The court briefly excluded the reporter under the rule of sequestration. He was permitted to return shortly thereafter, following the testimony of two other witnesses. The reporter initially objected to testifying without consulting with- his attorneys. The court offered to allow the reporter to wait outside until he could consult with counsel. After the reporter learned the nature of the questioning, he opted to testify without waiting for his attorneys. The reporter answered a single question. He was then excused as a witness and allowed to remain in the courtroom.
Although the reporter’s exclusion from the courtroom was minimal, we agree that the trial court departed from the essential requirements of law in allowing the *558 party to call the reporter as a witness without prior notice and without any showing that the reporter had any relevant testimony. See Gore Newspapers Co. v. Reasbeck, 363 So.2d 609, 610 (Fla. 4th DCA 1978). As we explained many years ago in Gore, the rule of sequestration cannot be indiscriminately invoked to exclude reporters from the courtroom.
A reporter covering a judicial proceeding should not be called as a witness without prior notice. A professional journalist enjoys a qualified privilege under section 90.5015, Florida Statutes (2016), to not be a witness or disclose information the journalist has obtained while gathering news. To effectuate this privilege, the reporter has a due process right to reasonable notice that he or she may be a witness, so as to have a meaningful opportunity to assert the privilege.
In this case, the judge allowed the reporter to be called as a witness without any prior notice and without any meaningful showing that the reporter had information that was relevant to the proceeding. In fact, after the opposing party’s counsel objected that she had no idea what the questioning was about, the judge himself commented that he did not know either. The trial judge departed from the essential requirements of law in allowing the reporter to be called as a witness under the circumstances of this case.
We do not reach the merits of petitioners’ argument that the trial court violated the journalist’s privilege. We conclude that this issue was waived as the reporter opted to testify without asserting the privilege and also declined to wait until he could consult with counsel. Contrast Times Pub. Co. v. Burke, 375 So.2d 297, 298 (Fla. 2d DCA 1979) (where the judge refused to allow the reporter to consult with counsel and directed her to answer the questions).

Petition Granted.

LEVINE, CONNER and KLINGENSMITH, JJ., concur.