**HARRIS, et al v. BLACKSTONE DEVELOPERS, et al.**

No. 73-1525-CA.

Circuit Court, Duval County.

November 1, 1974.

J. Edwin Gay, Jacksonville, for the defendants.

Harold B. Wahl and George D. Gabel, Jr., of Wahl & Gabel, Jacksonville, for the person on whom witness subpoena was served.

MARION W. GOODING, Circuit Judge.

This cause came on to be heard after notice, on motion of Randolph Pendleton, staff writer and reporter, and Florida Publishing Company, publisher of the Florida Times-Union, his employer, to quash witness subpoena served on him to testify by deposition at 4 P.M. this day, and to bring with him —

> "All of your notes in reference to the article which you wrote and which was published in the Times-Union on October 29, 1974, in reference to the Law Exchange Building."

And it appearing that the purpose of the deposition and production is to inquire into the gathering of news and the sources thereof, and J. Edwin Gay, Esquire, counsel for the defendant Waters, having insisted on the deposition at 4 P.M. today but having advised the court he is unable to be present for this hearing set by the court at 3 P.M., and no showing having been made to justify what would appear on its face to be a violation of the First Amendment freedoms of the news media (See so-called swing opinion of Mr. Justice Powell in Branzburg v. Hayes (1972) 408 U.S. 665,709,710; New York Times v. Sullivan (1964) 376 U.S. 254,270; Associated Press v. United States (1944) 326 U.S. 1; and Garrison v. Louisiana (1964) 379 U.S. 64, 74-75).

And it further appearing that even in criminal cases it is only where information sought to be obtained from a reporter is demonstrated to be of compelling importance to a grand jury investigation and not available from alternative non-media sources, that a reporter may, depending on the circumstances, be obligated to disclose

the information (See, e. g., Bursey v. United States (CA-9, 1972) 466 F.2d. 1059; Baker v. F. & F. (CA-2, 1972) 470 F.2d. 778; and Democratic National Committee v. McCord (D.C.D.C. 1973) 356 F.. Supp. 1394; Regulations issued by the Attorney General of the United States on October 16, 1973, 28 C.F.R. §50.10, 38 Federal Register at page 29, 588, October 26, 1973), and this being not a criminal but a civil proceeding,

It is ordered that pending further order of the court the subpoena is hereby quashed so far as it attempts to require the production of the aforementioned notes or the answering of any questions relating to the gathering of news or the sources thereof.