**SCHWARTZ, et al v. ALMART STORES, Inc., et al.**

No. 74-35547.

Circuit Court, Dade County.

June 18, 1975.

Irwin F. Kosdan, Miami, for the plaintiffs.

Richard E. Hardwick, Coral Gables, for the defendants.

Sanford L. Bohrer of Paul & Thomson, Miami, for the movants.

ALAN R. SCHWARTZ, Circuit Judge.

The motion of Eleanor Rushing and Mike O'Bryon to quash the subpoenas duces tecum for depositions served upon them by defendants having come on for hearing, the parties having orally

consented to consideration at this time of the legality of compelling the testimony and production of documents by movants at trial, and the court having considered argument of counsel and the record in this case, and being otherwise duly advised, finds —

This action involves asserted negligence arising from a fall. Movant Rushing wrote an article which appeared in the Miami Herald on April 1, 1974, and movant O'Bryon took a photograph which accompanied Rushing's article, which article and photograph plaintiffs contend are relevant to proof of the alleged wrongful acts complained of herein.

The parties seek to inquire of movants as to published as well as unpublished information and materials gathered, developed or prepared by movants in their professional capacities as reporter and photographer for the Miami Herald.

The movants do not contend such information or material relates to or is derived from confidential sources. They do contend, however, that the publication or non-publication of such materials involves editorial decisions and the exercise of editorial discretion.

The movants further submit that requiring them in this civil litigation to testify and produce unpublished as well as published documents or information received or developed by them in the course of their duties as reporter and photographer must necessarily have a "chilling effect" upon the gathering and publication of news and upon the flow of information to the public, in violation of the First and Fourteenth Amendments.

The issue thus presented is whether the First Amendment prevents compulsory disclosure in civil litigation of non-confidential materials or information developed in preparation of a newspaper article. This court concludes that the paramount interest served by the unrestricted flow of public information protected by the First Amendment outweighs the subordinate interest served by the liberal discovery provisions embodied in the Florida Rules of Civil Procedure and the Florida rules of evidence. Although no confidential source or information is involved, this is irrelevant to the "chilling effect" enforcement of the subpoenas would have on the flow of information to the public. Whether or not the source or information is confidential, inquiry into unpublished information necessarily intrudes upon editorial decisions and can seriously impair the gathering and publication of news.

It is therefore ordered that the motion of Eleanor Rushing and Mike O'Bryon to quash subpoenas duces tecum is granted, the subpoenas are quashed, and it is further ordered that movants shall not be required to testify in this cause either at deposition or trial.