### HENDRIX v. LIBERTY MUTUAL INSURANCE CO., et al.

No. 75-1616.

Circuit Court, Broward County.

December 11, 1975.

Sanford L. Bohrer of Paul & Thomson, Miami, for Stephen Franklin.

Preddy, Haddad, Kutner, Hardy & Joseph, Miami, for the plaintiff.

Fleming, O'Bryan & Fleming, Fort Lauderdale, for defendants Liberty Mutual Insurance Company, Council of Seminole Tribe of Florida, Howard Tommie as Chairman of Council of Seminole Tribe of Florida, Seminole Tribe of Florida, Inc., and Jim Billie.

Druck, Grimmett, Norman, Weaver & Scherer, Fort Lauderdale, for defendant Florida Game & Fresh Water Fish Commission.

Walton, Lantaff, Schroeder, Carson & Wahl, Miami, for defendants Lancaster, Unigard, Ryals, and Broward County School Board.

GEORGE W. TEDDER, Jr., Circuit Judge.

The motion of Stephen Franklin to quash the subpoena duces tecum served upon him by defendant Broward County School Board having come on for hearing, and the court having considered argument of counsel and the record in this case, and being otherwise duly advised, finds —

Stephen Franklin, a reporter for the Miami Herald, has filed a motion to quash a subpoena duces tecum served upon him requiring him to appear, testify and produce certain items at deposition in this action. The subpoena to movant is extremely broad, requiring him to bring with him to the deposition —

> "any and all newspaper articles, photographs, memorandums, printed material and any and all notes handwritten or typed or otherwise pertaining to the subject matter of this cause, to wit: accident of 11/19/74 involving the minor plaintiff, *ANDREA HENDRIX*, and the lion, "Bubba" at the Seminole Okalee Indian Village."

Movant co-authored an article appearing in the Miami Herald on November 20, 1974 (the "article"). The article described the accident which is the subject of this action and included statements attributed to certain of the parties and agents of the parties to this action. Defendant school board asserts these statements constitute admissions or declarations against interest and will be useful in its

defense. It also asserts movant's testimony is necessary because such statements and quotations may be denied by such defendants. and their agents.

None of the parties or agents quoted in the article have been deposed by defendant school board or any of the other parties.

Movant in gathering the information for the article did so in his capacity as a reporter for the Miami Herald. Counsel for defendant school board concedes movant did not personally observe the accident which is the subject of this action.

Defendant seeks to inquire of movant as to published as well as unpublished information and materials gathered, developed or prepared by movant in his professional capacity as reporter for the Miami Herald. Movant does not contend such information or material relates to or is derived from confidential sources. Movant does contend, however, that the publication or non-publication of such resource materials involves editorial decisions and the exercise of editorial discretion.

Movant further submits that requiring him in this civil litigation to testify and produce unpublished as well as published documents or information received or developed by him in the course of his duties as reporter must necessarily have a "chilling effect" upon the gathering and publication of news and upon the flow of information to the public, in violation of the First, Fourth and Fourteenth Amendments to the United States Constitution and Article I, Sections 4 and 12 of the Florida Constitution.

The issue thus presented is whether the First Amendment prevents compulsory disclosure in civil litigation of non-confidential materials or information developed in the preparation of a newspaper article.

This court concludes that the paramount interest served by the unrestricted flow of public information protected by the First Amendment outweighs the subordinate interest served by the liberal discovery provisions embodied in the Florida Rules of Civil Procedure and the Florida rules of evidence. Although no confidential source or information is involved, this is irrelevant to the "chilling effect" enforcement of the subpoena would have on the flow of information to the public. Whether or not the source or information is confidential, inquiry into unpublished information necessarily intrudes upon editorial decisions and can seriously impair the gathering and publication of news.

The First, Fourth and Fourteenth Amendments to the United States Constitution and Article I, Sections 4 and 12 of the Florida Constitution require that reporters be immune from subpoenas and

particularly those subpoenas directed to disclosure of sources or unpublished material, unless the party seeking the testimony or production of documents first makes a showing of a sufficient interest and need to overcome this constitutional immunity and then only under appropriate safeguards to prevent abuse by those having court process available to them. In a criminal case the rights of defendants under the Sixth Amendment to the United States Constitution and Article I, Section 16 of the Florida Constitution are substantial countervailing interests which may require issuance of subpoenas. These constitutional factors do not exist in a civil case.

With respect to a subpoena by a party to a civil case, the chilling or inhibiting effect upon First Amendment rights arising from subpoenas can be limited if a party seeking to subpoena a reporter and his resource materials is required, prior to enforcement of such subpoena, to obtain leave of court after an *in camera* showing to the court that:—

(a) The reporter has information relevant and material to the claims of any of the parties to the action charged;

(b) The reporter has relevant and material information which is not available from sources not protected by the First, Fourth and Fourteenth Amendments to the United States Constitution and Article I, Sections 4 and 12 of the Florida Constitution;

(c) The party seeking information has unsuccessfully attempted to obtain the evidence sought from other sources less chilling of First Amendment freedoms;

(d) The evidence sought is so important that non-production thereof will result in a miscarriage of justice.

The issuance of the subpoena duces tecum here at issue does not meet the foregoing tests and will therefore be quashed.

Defendant school board seeks movant's testimony essentially to impeach certain of the parties and such parties' agents should such persons deny making the statements attributed to them in the article. Should such persons testify in this cause and should they deny making such statements, then defendant school board may move this court for issuance of a subpoena to movant, and this court will hold an *in camera* hearing on such motion to determine whether such motion should be granted under the tests specified herein.

It is therefore ordered that the motion of Stephen Franklin to quash subpoena duces tecum is granted, and the subpoena duces tecum is quashed.