## STATE v. CARR.

No. 76-5529, et seq.

Circuit Court, Dade County.

December 22, 1977.

Louis Casuso, Assistant State Attorney, for the state.

194

Ronald Dresnick, Miami, for the defendant.

Janet Reno and Donald M. Middlebrooks of Steel, Hector & Davis, Miami, for the movant.

NATALIE BASKIN, Circuit Judge.

This cause came on before me upon the motion to quash subpoena filed by Jay Maeder, a reporter for the Miami Herald, and having heard argument of counsel and being fully advised in the premises, the court finds —

1. Movant is a reporter for the Miami Herald and has moved to quash a subpoena duces tecum served upon him which requires him to appear and testify and produce the following —

> "All notes, memoranda, news articles and documentation, Tipoff articles, and any other material in your actual or constructive possession relating to Robert Carr and/or the articles you have written concerning Robert Carr."

2. The defendant seeks to discover this information and material in preparation for a hearing before this court on December 19, 1977, on a request by the state to set a hearing pursuant to Chapter 917, Florida Statutes, and transfer the defendant.

3. The movant collected all information and material sought to be discovered in his professional newsgathering capacity as a newspaper reporter. Certain of the information and material was obtained from confidential sources. All the information and material was collected and gathered by Mr. Maeder as part of his newsgathering activities. The movant reviewed the material in the exercise of his editorial duties in determining what to publish and what not to publish.

4. The First Amendment to the United States Constitution and Article I, Section 4, of the Florida Constitution, provide protection for the newsgathering, editorial, and news dissemination operations of a newspaper. *Herbert v. Lando,* ........ F. 2d........, 3 Med. L. Rptr. (2nd Cir. 1977). See also *Miami Herald Publishing Co. v. Tornillo,* 418 U.S. 241 (1974); *Branzberg v. Hayes,* 408 U.S. 665 (1972); *Morgan v. State,* 337 So.2d 951 (Fla. 1976); *In Re Adoption of Proposed Loc. Rule 17, etc.,* 339 So.2d 181 (Fla. 1976); *Loadholtz v. Fields,* 389 F. Supp. 1299 (M.D. Fla. 1975). Concern that a reporter might be forced to testify concerning confidential sources and unpublished information gathered and developed in the newsgathering and editing operations of a newspaper, would inhibit a reporter's actions in these newspaper functions. Enforcement of the subpoena would have a "chilling effect" on these functions and would inhibit the free flow of information to the public.

5. There appears to be no compelling reason to justify an intrusion into Mr. Maeder's First Amendment freedoms because the information sought from Mr. Maeder bears only a remote and tenuous relationship to the issues before the court.

It is therefore ordered and adjudged that the motion to quash subpoena filed by Jay Maeder is granted and the subpoena is quashed.