**UNITED STATES of America, Plaintiff,**

**v.**

**Frederick M. BLANTON, Defendant.**

**No. 81–6027–Crim–JCP(S).**

United States District Court,
S. D. Florida.

Feb. 15, 1982.

Thomas Blair, Asst. U. S. Atty., Miami, Fla., for United States.

Sanford L. Bohrer, Miami, Fla., for Miami Herald and Patrick Malone.

## ORDER GRANTING MOTION TO QUASH SUBPOENA

PAINE, District Judge.

THIS CAUSE came on to be heard on January 5, 1982 on the Motion of The Miami Herald Publishing Company and Patrick Malone to quash the subpoena purportedly served on Malone.

The Court, being duly advised, FINDS

1. On August 12, 1979, *The Miami Herald* published an article written by Movant Patrick Malone, then medical writer for the *Herald*, entitled "Lude Behavior". The article is about the use and misuse of methaqualone, which is commonly known as quaalude. The article included quotations and other statements attributed to the Defendant in this case, Fredrick M. Blanton, who is charged with five counts of violating federal law regarding Blanton's dispensing of methaqualone, a controlled substance.

2. The Government wishes Malone to testify at the trial of this case for the sole purpose of verifying that such quotations and statements were in fact made by Defendant Blanton. The Government stated its case against Blanton is largely circumstantial and these quotations and statements, which the Government says constitute "admissions", are essential to its proof.

3. The information sought from Malone was all gathered, developed, or received by Malone in his professional newsgathering capacity. No confidential source or information is sought.

4. On December 29, 1981, after preliminary conversations on December 23 and 28, 1981, Movants' counsel advised a representative of the Attorney General of the United States that alternative sources for the information sought or equivalent information appeared to exist. Movants' counsel gave specific examples of such possible alternative sources. The Attorney General's representative stated he would follow up with the Assistant United States Attorney prosecuting this case and call Movants' counsel back before proceeding further with a subpoena.

5. The Attorney General's representative never called back.

6. On December 31, 1981 Malone was served with a "subpoena ticket", and he immediately filed his motion to quash.

7. Until the afternoon of January 4, 1982, the day before the January 5, 1982 hearing on the motion to quash, no attempt was made by the Government to identify or obtain any alternative sources for the information sought. As of the time of the hearing, the Government had literally made only a few incomplete telephone inquiries.

8. Although no confidential source is involved or sought, Movants contend it is irrelevant to the chilling effect compelled testimony by a journalist regarding his work product would have on the gathering of the news generally and the flow of information to the press and onto the public. Thus it appears requiring Movant Malone to testify in this criminal case may have a chilling effect on the gathering and publication of news and upon the flow of information to the public.

On such facts the Court HOLDS:

1. The First Amendment to the Constitution of the United States requires that a reporter be immune from subpoenas in criminal cases regarding his or her work product unless the party seeking the reporter's testimony first makes a showing of sufficient interest and need to overcome the reporter's constitutional privilege, and then only under appropriate safeguards to prevent abuse by those having court process

available to them. *United States v. Criden,* 633 F.2d 346 (3d Cir. 1980), *cert. denied sub nom. Schaffer v. United States,* 449 U.S. 1113, 101 S.Ct. 924, 66 L.Ed.2d 842 (1981), *United States v. Cuthbertson,* 651 F.2d 189 (3d Cir. 1981), *Branzburg v. Hayes,* 408 U.S. 665, 709–10, 92 S.Ct. 2646, 2670, 33 L.Ed.2d 626 (1972) (Powell, J. concurring in 5–4 decision).

■ 2. In particular, to be entitled to enforcement of such subpoena, the party must show:

(a) The reporter has information relevant and material to proof of the offense charged or the defendant's defense;

(b) There is a compelling need for disclosure sufficient to override the reporter's privilege; and

(c) The party seeking the information has unsuccessfully attempted to obtain other sources less chilling of the First Amendment freedoms.[1]

■ 3. Although no confidential source or information is involved, this distinction is irrelevant to the chilling effect enforcement of the subpoena would have on the flow of information to the press and public. *United States v. Cuthbertson, supra,* 630 F.2d at 139 (3rd Cir. 1980); *Loadholtz v. Fields,* 389 F.Supp. 1299, 1303 (M.D.Fla.1975).

4. In addition, if the party seeking the information is the United States, it must follow the Department of Justice Guidelines, 28 C.F.R. § 50.10, which impose similar requirements as well as a duty to negotiate in good faith with the reporter and his or her counsel. See *Morton v. Ruiz,* 415 U.S. 199, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974) and *Arizona Grocery Co. v. Atchison, Topeka & Santa Fe Ry.,* 284 U.S. 370, 52 S.Ct. 183, 76 L.Ed. 348 (1932).

5. The United States has failed to meet the legal tests set forth above in that it has failed to exhaust or make reasonable attempts to exhaust non-media sources for the information sought or equivalent information and failed to negotiate in good faith with the reporter's counsel.

■ 6. Additionally, no proper service was made on Malone, as to compel his appearance and testimony, he must be previously served with a subpoena, not a subpoena ticket. Rule 17, Federal Rules of Criminal Procedure.

IT IS THEREFORE ORDERED that the "subpoena" is quashed, and Movant Malone need not appear or testify until properly and personally served and the Government shows it has met the requirements set forth above.

---

1. Courts throughout the country and Florida have recognized the reporter's qualified privilege from compelled testimony. See, e.g., *U.S. v. Orsini,* 424 F.Supp. 229 *aff'd.* 559 F.2d 1206 (2d Cir. 1977); *cert. denied,* 434 U.S. 997, 98 S.Ct. 636, 54 L.Ed.2d 491 (1977); *United States v. Cuthbertson, supra; United States v. Criden, supra; Bursey v. U.S.,* 466 F.2d 1059 (9th Cir. 1972); *Loadholtz v. Fields,* 389 F.Supp. 1299 (M.D.Fla.1975); *State v. St. Peter,* 132 Vt. 266, 315 A.2d 254 (1974); *Brown v. Virginia,* 214 Va. 755, 204 S.E.2d 429, *cert. denied,* 419 U.S. 966, 95 S.Ct. 229, 42 L.Ed.2d 182 (1974); *State v. Laughlin,* 43 Fla.Supp. 166 (Fla. 16th Cir.Ct. 1974), *aff'd.* 323 So.2d 691, 692 (Fla.3d DCA 1975); *State v. Morel,* 50 Fla.Supp. 1 (Fla. 17th Cir.Ct. 1979); *State v. Beattie,* 48 Fla.Supp. 139 (Fla. 11th Cir.Ct. 1979); *State v. Petrantoni,* 48 Fla.Supp. 49 (Fla. 6th Cir.Ct. 1978); *State v. Carr,* 46 Fla.Supp. 193 (Fla. 11th Cir.Ct. 1976); *State v. Miller,* 45 Fla.Supp. 137 (Fla. 17th Cir.Ct. 1976); *State v. Stoney,* 42 Fla.Supp. 194 (Fla. 11th Cir.Ct. 1974). *See also Morgan v. State,* 337 So.2d 951, 957 (Fla.1976).