## STATE OF FLORIDA v. DIBATTISTO, et al.
### Case No. 84-17981A-B
Eleventh Judicial Circuit, Dade County

December 17, 1984

### APPEARANCES OF COUNSEL

**Sanford L. Bohrer, Thomas, Zeder, Bohrer, Werth, Sdorno & Razook,** for Miami Herald Publishing Company.

**Max B. Kogen** for plaintiff.

**James Falco** for defendant.

### OPINION OF THE COURT

ORDER GRANTING MOTION TO QUASH SUBPOENAS

RALPH N. PERSON, Circuit Judge

This cause came to be heard on the Motion of The Miami Herald

Publishing Company and Frank Cerabino to Quash Subpoenas, and the Court has heard evidence and argument from counsel for the parties. Being duly advised, it is hereby ORDERED

1. Defendants have had two subpoenas served on Movant Frank Cerabino, a reporter for *The Miami Herald*. *The Miami Herald* is published by Movant The Miami Herald Publishing Company, a division of Knight-Ridder Newspapers, Inc. One subpoena was for deposition and the other was for trial. Both subpoenas direct Cerabino to "Bring with you all notes of interview with Lena Radetsky". Lena Radetsky is the alleged victim of the crimes charged in this case.

2. The information and documents Defendants seek from Cerabino were received, developed, or gathered by Cerabino solely in his professional news gathering capacity as a journalist with *The Miami Herald*.

3. The Florida Courts[1] having uniformly held, in both civil and criminal cases, that the First Amendment requires, prior to enforcement of a subpoena, a showing by the party seeking to compel the testimony of a newspaper reporter that:

(a) The reporter has information material to meritorious claims and defenses involved;

(b) There is a compelling need for disclosure sufficient to override the reporter's First Amendment privilege; and

(c) The party seeking the information has unsuccessfully at-

---

[1] Courts throughout the country have recognized the reporter's qualified privilege from compelled testimony. *See, e.g., Miller v. Transamerican Press, Inc.*, 621 F.2d 721, on rehearing, 628 F.2d 932 (5th Cir. 1980), *cert. denied*, 450 U.S. 1041 (1981); *United States v. Burke*, 700 F.2d 70 (2d Cir. 1983); *United States v. Blanton*, 534 F.Supp. 295 (S.D. Fla. 1982); *Zerilli v. Smith*, 656 F.2d 705, 711-12 (D.C. Cir. 1981); *Carey v. Hume*, 492 F.2d 631, 636 (D.C. Cir. 1974), *cert. dismissed*, 417 U.S. 938 (1974); *Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583, 594-96 (1st Cir. 1980); *U.S. v. Orsini*, 424 F.Supp. 229 (C.E.D. N.Y. 1976), *aff'd*, 559 F.2d 1206 (2d Cir. 1977); *cert. denied*, 434 U.S. 997 (1977); *Baker v. F&F Investment*, 470 F.2d 778, 784 (2d Cir. 1972), *cert. denied*, 411 U.S. 966 (1973); *United States v. Cuthbertson*, 7630 F.2d 139, 146 (3d Cir. 1981); *United States v. Criden*, 633 F.2d 346, 355-57 (3d Cir. 1980), *cert. denied*, 449 U.S. 1113 (1981); *Riley v. City of Chester*, 612 F.2d 708, 715-16 (3d Cir. 1979); *Cervantes v. Time, Inc.*, 464 F.2d 986 (8th Cir. 1972), *cert. denied*, 409 U.S. 1125 (1973); *Farr v. Pitchess*, 522 F.2d 464, 467-68 (9th Cir. 1975), *cert. denied*, 427 U.S. 912 (1976); *Bursey v. U.S.*, 466 F.2d 1059 (9th Cir. 1972); *Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433 (10th Cir. 1977); *Gulliver's Periodicals, Ltd. v. Charles Levy Circulating Co.*, 445 F.Supp. 1197 (N.D. Ill. 1978); *Gilbert v. Allied Chem. Corp.*, 411 F.Supp. 505 (E.D. Va. 1976); *Loadholtz v. Fields*, 389 F.Supp. 1299 (M.D. Fla. 1975); *Vermont v. St. Peter*, 132 Vt. 266, 315 A.2d 254(1974); *Brown v. Virginia*, 214 Va. 755, 204 S.E. 2d 429, *cert. denied*, 419 U.S. 966 (1974).

tempted to obtain it from other sources less chilling of First Amendment freedoms.

*Tribune Co. v. Green*, 440 So.2d 484 (Fla. 2d DCA 1983), *Johnson v. Bentley*, 457 So.2d 507 (Fla. 2d DCA 1984), *Gadsen County Times, Inc. v. Horne*, 426 So.2d 1234 (Fla. 1st DCA 1983), *State v. Laughlin*, 43 Fla. Supp. 166 (Fla. 16th Cir.Ct. 1974), *aff'd.*, 323 So.2d 692 (Fla. 3d DCA 1975). *See also Morgan v. State*, 377 So.2d 95 (Fla. 1976); *Times Pub. Co. v. Burke*, 375 So.2d 297 (Fla. 2d DCA 1979).[2] In a criminal case the rights of defendants under the Sixth Amendment to the United States Constitution and Article I, Section 16 of the Florida Constitution are entitled to substantial weight, but a proper balancing of these rights with reporters' First Amendment rights requires application of the three-part test set forth above. See, *e.g., State v. Stoney, supra*.

4. Confidential sources and information are not involved here, but even where no confidential sources or information are involved, subpoenas compelling testimony of reporters will be quashed unless the three part test is met. *Tribune Co. v. Green, supra,* 440 So.2d at 486; *Johnson v. Bentley, supra; State v. Morel, supra; State v. Miller, supra; State v. Petrantoni, supra; State v. Stoney, supra.* As was held by the Court in *United States v. Blanton*, 534 F.Supp. 295, 297 (S.D. Fla. 1982),

> "Although no confidential source or information is involved, this distinction is irrelevant to the chilling effect enforcement of the subpoena would have on the flow of information to the public."

---

[2] There are numerous reported Florida Circuit Court decisions involving civil as well as criminal cases and both confidential sources and information and non-confidential sources and information, all of which are in accord with the standard set forth in this Order. *State v. Morel*, 50 Fla. Supp.5 (Fla. 17th Cir.Ct. 1979); *State v. Beattie*, 48 Fla.Supp. 139 (Fla. 11th Cir.Ct. 1979); *State v. Petrantoni*, 48 Fla. Supp. 49 (Fla. 6th Cir.Ct. 1978); *State v. Carr*, 46 Fla. Supp. 193 (Fla. 11th Cir. Ct. 1977); *State v. Miller*, 45 Fla. Supp. 137 (Fla. 17th Cir.Ct. 1976); *State v. Stoney*, 42 Fla. Supp. 194 (Fla. 11th Cir.Ct. 1974). *Accord: Coira v. DePoo Hospital, et al.*, 48 Fla.Supp. 105 (Fla. 16th Cir.Ct. 1978); *Lopez v. Garcia*, 47 Fla. Supp. 173 (Fla. 11th Cir. Ct. 1977); *Hendrix v. Liberty Mutual Insurance Co.*, 43 Fla. Supp. 137 (Fla 17th Cir.Ct. 1975); *Schwartz v. Almart Stores*, 42 Fla. Supp. 165 (Fla. 11th Cir.Ct. 1975); *Harris v. Blackstone Developers*, 41 Fla. Supp. 176 (Fla. 4th Cir.Ct. 1974); *Spiva v. Francouer*, 39 Fla. Supp.49 (Fla. 11th Cir.Ct. 1973); *Hancock v. Wilkinson*, 9 Med. L. Rptr, 2566 (Fla. 10th Cir. Ct. 1982); *Statewide Collection v. Anderson*, 9 Med.L. Rptr. 1056 (Duval County Court 1982); *Jasper v. Rochelle-Thomas*, 9 Med.L. Rptr. 1336 (Fla. 15th Cir. Ct. 1982); *State v. Reid*, 8 Med.L. Rptr. 1249 (Fla. 15th Cir.ct. 1982); *State v. Peterson*, 7 Med.L.Rptr. 1090 (Fla. 6th Cir.Ct. 1981); *State v. Evans*, 6 Med.L.Rptr. 1979 (Fla. 11th Cir.Ct. 1980); *State v. Morel*, 50 Fla. Supp. 5 (Fla 17th Cir.Ct. 1979); *In re Nugent*, 5 Med.L.Rptr. 1723 (Palm Beach Cir.Ct. 1979).

Thus, neither the State nor a defendant may commandeer the press to serve their purposes, without meeting the three-part test set forth above. See also *Loadholtz v. Fields*, 389 F.Supp. 1299, 1303 (M.D. Fla. 1975).

5. Defendants have failed to meet the requirements of the three-part test.

IT IS THEREFORE ORDERED that the subpoenas are quashed and Movant Cerabino need not appear or testify until Defendants make a showing meeting the three-part test required by the First Amendment.