380 So.2d 1305 (1980)
COLONIAL PENN INSURANCE COMPANY and John Larocca, Petitioners,
v.
Eleanor Gallaghler BLAIR, Robert Blair, Her Husband and Pauline Schwarzmann, Respondents.
No. 79-134.
District Court of Appeal of Florida, Fifth District.
March 12, 1980.
Chobee Ebbets of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Daytona Beach, for petitioners.
Raymond A. Haas of Haas, Boehm & Brown, P.A., Orlando, for respondents.
SHARP, Judge.
The petitioners, Colonial Penn Insurance Company and John Larocca seek review by common law certiorari of an interlocutory discovery order entered by the trial judge dated August 21, 1979, which denied the petitioners' Request to Produce Transcript on the authority of McGee v. Cohen, 57 So.2d 658 (Fla. 1952). We grant the petition for certiorari, quash the discovery order, and remand for further proceedings consistent herewith.
The petitioners filed a Request to Produce the transcript of a traffic court proceeding concerning the accident involved in the present litigation. John Larocca, one of the petitioners, and a defendant in this case, gave testimony in the proceeding about the accident. He was apparently *1306 charged with a traffic offense as a result of the accident. The attorney for the plaintiff had a court reporter present at the hearing who transcribed selected portions of the proceeding, including John Larocca's testimony. The hearing was not recorded or transcribed by the traffic court or any parties. The plaintiff objected to the production of the transcript, claiming it was privileged as "work-product" of counsel.
The petitioners urge that the transcript is not within the "work-product" privilege, but even if it is, it is obtainable under Rule 1.280 of the Florida Rules of Civil Procedure. The petitioners made no attempt to meet the additional showings set forth in Rule 1.280(b)(2) to obtain the transcript, as would be necessary if it were shielded by the "work-product" privilege:
... a party may obtain discovery of documents and tangible things ... only upon a showing that the party seeking discovery has need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the material by other means.
However, it is clear from the facts the respondents have the unique and sole transcript of the traffic court proceeding, which the petitioners cannot obtain in any other manner; and it is also obvious that the petitioners need the transcript to prepare their defense in the present law suit, the memories of the parties being a poor and possibly fallible substitute for statements made close in time to the accident.
This Court has jurisdiction to review the interlocutory order rendered in connection with the discovery proceedings where the order complained of does not conform to the essential requirements of law, and may cause material injury to the parties seeking discovery in the preparation and defense of the case, for which remedy by appeal would be inadequate. Goodyear Tire & Rubber Co. v. Cooey, 359 So.2d 1200 (Fla. 1st DCA 1978); Zuberbuhler v. Division of Administration, 344 So.2d 1304 (Fla. 2d DCA 1977), cert. denied 358 So.2d 135 (Fla. 1978); Allstate Insurance Company v. Gibbs, 340 So.2d 1202 (Fla. 4th DCA 1976), cert. denied 354 So.2d 980 (Fla. 1977).
The transcription of portions of the traffic court proceeding does not fall within one of the "work-product" categories:
... personal views of any attorney as to how and when to present evidence, his evaluation of its importance, his knowledge of which witnesses will give certain testimony, personal notes and records as to witnesses, jurors, legal citations, proposed arguments, jury instructions, diagrams and charts he may refer to at trial for his convenience, but not to be used as evidence.
Reynolds v. Hofmann, 305 So.2d 294, 295 (Fla. 3rd DCA 1974).
To bring something within the "work-product" ambit, there must be some indication of personal thought, views, knowledge, or evaluation by the attorney, litigant, or agent. Surf Drugs, Inc. v. Vermette, 236 So.2d 108 (Fla. 1970). The petitioners are not seeking here the attorney's summary or notes of the traffic court proceedings, but rather a transcript of the proceeding made by a court reporter. It is obtainable pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, and the petitioners' Request to Produce should have been granted by the lower court.
Petition for Certiorari granted; denial of Request to Produce quashed; and remanded for proceedings consistent herewith.
CROSS, J., concurs.
DAUKSCH, C.J., dissenting with opinion.
DAUKSCH, Chief Judge, dissenting:
I respectfully dissent.
In my opinion, we do not have jurisdiction to hear this matter and we should wait until the case is concluded at the trial level before we review any alleged errors. For all we know, the petitioner here may win the case below and the whole question would be moot. There are many decisions of trial courts regarding discovery matters *1307 with which we may disagree but which later may turn out to be either moot or not reversible error. For us to take jurisdiction in this case signals a relaxation of well established and well reasoned hands-off policies of our appellate courts. See United Services Automobile Association v. Byrd, 370 So.2d 1247 (Fla. 4th DCA 1979); Chalfonte Development Corporation v. Beaudoin, 370 So.2d 58 (Fla. 4th DCA 1979); Santini Brothers, Inc. v. Grover, 338 So.2d 79 (Fla. 4th DCA 1976); Siegel v. Abramowitz, 309 So.2d 234 (Fla. 4th DCA 1975); Wright v. Sterling Drugs, Inc., 287 So.2d 376 (Fla. 2d DCA 1973), cert. denied 296 So.2d 51 (Fla. 1974).