FRANK D. UPCHURCH, Jr., Judge.
Petitioners, Central Florida Legal Services, Inc., N. Albert Bacharach, Jr., and Eddie Lee Lester, seek a writ of mandamus or, in the alternative, a writ of certiorari to require Robert R. Perry and E. L. East-moore, as judges of the Circuit Court of Putnam County, to vacate an order appointing Bacharach, an attorney employed by Central Florida Legal Services, to serve as counsel for Lester in a criminal proceeding.
We shall treat the petition as one for certiorari. In Colonial Penn Ins. Co. v. Blair, 380 So.2d 1305 (Fla. 5th DCA 1980), we enunciated the three prerequisites to common law certiorari:
(1) the order sought to be reviewed does not conform to the essential requirements of law;
(2) material injury will result from the order; and
(3) remedy by appeal is inadequate.
In this instance, we find these requirements have been met and grant certiorari.
On April 30, 1981, the Public Defender certified a conflict of interest between Lester and another defendant and requested substitution of court appointed counsel. On May 13, 1981, Judge Eastmoore appointed Bacharach to represent Lester. On May 20, 1981, Bacharach filed an ex parte motion to set aside his appointment alleging that federal law prohibited the appointment of legal services attorneys to criminal cases and that he was not competent to represent clients in criminal matters. In the absence of Judge Eastmoore, Judge Perry denied the motion. Petitioners then filed their petition for writ of certiorari.
The Legal Services Corporation Act was adopted by Congress to provide equal access to the system -of justice for individuals who seek redress of grievances and who would otherwise be unable to afford adequate legal counsel. See 42 U.S.C. § 2996(1) and (2). The purpose was to provide financial support for legal assistance in noncriminal proceedings or matters to persons financially unable to afford legal assistance. 42 U.S.C. § 2996b(a). 42 U.S.C. § 2996f(b) specifically provides that no funds made available by the Corporation may be used to provide legal assistance with respect to any criminal proceeding, except to provide assistance to a person charged with a misdemeanor or lesser offense or its equivalent in an Indian tribal court.
Regulations enacted pursuant to 42 U.S.C. § 2996g(e), which govern the activities of legal service organizations funded under the act also limit their activities to civil matters. See 45 C.F.R. § 1613.1 and § 1613.3. The only exception is found in 45 C.F.R. § 1613.1 which provides as follows:
Legal assistance may be provided with respect to a criminal proceeding:
(a) Pursuant to a court appointment made under a statute or a court rule or practice of equal applicability to all attorneys in the jurisdiction, if authorized by the recipient after a determination that it is consistent with the recipient’s primary responsibility to provide legal assistance to eligible clients in civil matters; or
*113 (b) When professional responsibility requires representation in a criminal proceeding arising out of a transaction with respect to which the client is being, or has been, represented by recipient.
The present case involves the situation described in § 1613.1(a). Here, Bacharach was appointed to represent Lester, an indigent criminal defendant. Even assuming arguendo that the court appointment was made pursuant to statute, court rule or practice of equal applicability to all attorneys in the jurisdiction, legal assistance may be provided only after the recipient, here Central Florida Legal Services, has determined that such representation is consistent with the recipient’s primary responsibility to provide legal assistance to clients in civil matters. Central Florida Legal Services has determined that representation of indigent criminal defendants is inconsistent with its primary responsibility to provide legal assistance in civil matters. In view of this determination, the order of the court below appointing Bacharach counsel for Lester in a criminal proceeding directly contravenes federal law and regulations concerning legal services.[1]
The respondents, however, claim that the prohibition against representation of indigent defendants in criminal matters unless authorized by the director conflicts with the Integration Rule of the Florida Bar and the Code of Professional Responsibility. Respondents argue that the courts of the State of Florida have exclusive jurisdiction over the admission of attorneys and the regulation of the practice of law in state courts and hence, any federal law prohibiting legal services attorneys from representing criminal defendants is a violation of the Tenth Amendment.[2]
In Sperry v. Florida, 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963), the Florida Bar instituted proceedings to enjoin a nonlawyer registered to practice before the United States Patent Office from preparing and prosecuting patent applications in Florida. Notwithstanding that such activity constituted the practice of law in Florida, the Supreme Court held that Florida could not enjoin the nonlawyer in view of the federal statute and patent office regulations authorizing practice before the patent office by nonlawyers.
In so holding, the court recognized that Florida had a substantial, though not exclusive, interest in regulating the practice of law within the state and that, in the absence of federal legislation, it could validly prohibit nonlawyers from engaging in this form of patent practice. However, “the law of the state, though enacted in the exercise of powers not controverted, must yield,” when incompatible with federal legislation. 83 S.Ct. at 1325, quoting from Gibbons v. Ogden, 22 U.S. (9 Wheat) 1, 6 L.Ed. 23 (1824).
The court also addressed the state’s argument that the patent regulations violated the Tenth Amendment. The court noted the source of Congress’s power to grant patent rights and to promulgate regulations thereunder. It concluded that as Congress had acted within the scope of the powers delegated to it by the Constitution, it had not exceeded the limits of the Tenth Amendment despite the concurrent effects of the legislation upon a matter otherwise within the control of the states. The court further noted that:
The authority of Congress is no less when the state power which it displaces would *114 otherwise have been exercised by the state judiciary rather than by the state legislature, (emphasis added)
While respondents have claimed that the Legal Services Corporation Act and the regulations promulgated thereunder violate the Tenth Amendment, they have failed to allege that Congress lacks or has exceeded its authority in establishing a legal services program. The establishment of a legal services program appears to be a valid exercise of the power of the federal government to provide for the general welfare pursuant to Article I, section 8, of the United States Constitution. As the Supreme Court noted in Sperry, if Congress acts within the scope of the' powers delegated to the United States by the Constitution, it has not exceeded the limits of the Tenth Amendment despite the effects of its legislation upon a matter otherwise within the control of the state. 83 S.Ct. at 1335.
We are aware that Sperry involved the practice of law only before federal agencies and that the instant case involves the practice of law in the state courts. However, the principle recognized in Sperry, that the state maintains control over the practice of law within its borders except to the limited extent necessary for the accomplishment of federal objectives, is equally applicable here. The lower court’s order of appointment interferes with the federal objective of providing legal assistance in civil matters to those who could not otherwise afford such services.
However, we also recognize that the Florida Bar was created by and exists under the authority of the Florida Supreme Court and that the supreme court has the inherent power and duty to prescribe the standards of conduct for lawyers. Fla.Bar Integr. Rule, Preamble (a) and (d). In furtherance of these principles, the supreme court has promulgated the Code of Professional Responsibility. Canon 2 of the Code specifically provides that “a lawyer should assist the legal profession in fulfilling its duty to make legal counsel available.”
In addition, several Ethical Considerations address the attorney’s duty to make legal services available to those who cannot afford such services. Ethical Consideration 2-25 states that the basic responsibility for providing legal services for those unable to pay ultimately rests upon the individual lawyer and that every lawyer, regardless of professional prominence or workload, should find time to participate in serving the disadvantaged. Ethical Consideration 2-26 provides that in furtherance of the objective to make legal services fully available, a lawyer should not lightly decline proffered employment. Ethical Consideration 2-29 states that when a lawyer is appointed by a court or requested by a bar association to undertake representation of a person unable to obtain counsel, he should not seek to be excused from undertaking the representation except for compelling reasons.[3]
The lack of cases challenging the court’s assignment of cases to individual attorneys indicates that members of the Florida Bar have shouldered the obligation to provide legal services to those who cannot pay. As we have construed them, the federal regulations involved here relieve Bacharach, a member in good standing of the Florida Bar, of his duty to provide legal services and to accept court-appointed representation. In view of the conflicting interests of the state and federal governments, we certify the following question pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(B)(i) and (ii):
WHETHER A FLORIDA COURT CAN APPOINT AN ATTORNEY EMPLOYED BY A LEGAL SERVICES CORPORATION ESTABLISHED PURSUANT TO THE LEGAL SERVICES CORPORATION ACT AS COUNSEL FOR AN INDIGENT CRIMINAL DEFENDANT WHERE THE AUTHO *115 RIZATION REQUIRED BY 45 C.F.R. § 1613.1 HAS NOT BEEN SECURED?
SHARP, J., concurs.
ORFINGER, J., concurs specially with opinion.

. The order appointing Bacharach also contravenes federal law and regulations concerning the outside practice of law. The general policy of the Legal Services Corporation is that no attorney shall engage in any outside practice of law if the director of the recipient has determined that such practice is inconsistent with the attorney’s full time responsibilities. 42 U.S.C. § 2996f(a)(4); 45 C.F.R. § 1604.3. As the director of Central Florida Legal Services has indicated that representation of indigent criminal defendants is inconsistent with the attorney’s full-time responsibility, the fact that Bacharach will be later compensated for his services pursuant to section 27.53, Florida Statutes (1979), does not validate the prohibited act.

. “The powers not delegated to the United States by the Constitution, nor prohibited by it to the states, are reserved to the states respectively, or to the people.”

. In In Interest of D. B., 385 So.2d 83 (Fla.1980), the supreme court recognized the historical concept that one who is allowed to practice law accepts a professional obligation to defend the poor. See also United States v. Dillon, 346 F.2d 633 (9th Cir. 1965), cert. denied, 382 U.S. 978, 86 S.Ct. 550, 15 L.Ed.2d 469 (1966).