457 So.2d 507 (1984)
Paul JOHNSON, Petitioner,
v.
The Honorable E. Randolph BENTLEY, Circuit Judge in the Tenth Judicial Circuit, in and for Polk County, State of Florida, and Bonnie Anita Petty and James Petty, Her Husband, Respondents.
No. 84-738.
District Court of Appeal of Florida, Second District.
September 7, 1984.
Rehearing Denied October 23, 1984.
*508 George K. Rahdert of Rahdert, Anderson & Richardson, St. Petersburg, for petitioner.
Jim Smith, Atty. Gen., and James W. Sloan, Asst. Atty. Gen., Tallahassee, for respondent E. Randolph Bentley.
R. Kent Lilly of Frost, Purcell and Lilly, Bartow, for respondents Bonnie Petty and James Petty.
DANAHY, Judge.
In a case of first impression in Florida, a newspaper photographer asks this court to quash a discovery order in a civil action requiring him, a nonparty, to produce unpublished photographs of an automobile accident. We grant his petition for certiorari and quash the order.
The petitioner describes himself as a professional photojournalist employed by the Lakeland Ledger, a newspaper of daily circulation in Polk County, Florida. The respondents Petty are the plaintiffs in this action to recover damages for injuries received in an automobile accident. The petitioner took pictures of that accident, some of which were published in the Ledger and some of which were not.
The respondents served a subpoena on the petitioner and his employer to require them to produce "copies of any and all photographs and proof sheets regarding the subject accident." The petitioner filed a motion to quash the subpoena based on his First Amendment rights under the United States Constitution and Article I, sections 4 and 12, of the Florida Constitution, specifically relying on this court's decision in Tribune Co. v. Green, 440 So.2d 484 (Fla. 2d DCA 1983). The trial judge denied the petitioner's motion to quash, stating his view that Tribune Co. v. Green does not apply to this case. We hold that the trial judge erred in so ruling.
In Tribune Co. v. Green this court adopted a three-part test announced in Gadsden County Times, Inc. v. Horne, 426 So.2d 1234 (Fla. 1st DCA 1983), and held that it applies to the compelled disclosure of nonconfidential as well as confidential matters involved in news-gathering. In Gadsden County, the First District Court of Appeal came to the conclusion that a qualified privilege based on the First Amendment protects against the compelled disclosure of a reporter's confidential sources. The court went on to say that this qualified privilege must give way "where the competing constitutional issues of the plaintiff in pursuing his claim and in seeking a fair administration of justice evidence *509 a compelling need for such disclosure." Id. at 1240. Accordingly, the court adopted a three-part test: (1) Is the information relevant, (2) can the information be obtained by alternative means, and (3) is there a compelling interest in the information?
The respondents vigorously argue that the three-part test announced in Gadsden County Times, Inc. v. Horne and adopted by this court in Tribune Co. v. Green simply does not apply to unpublished photographs. No cases have been cited to us which address this question, and our research has revealed none. However, we do find authority for the proposition that unpublished photographs taken by a newspaper photographer stand on the same footing as any other information acquired by a news-gatherer. Grand Forks Herald v. District Court, 322 N.W.2d 850 (N.D. 1982). In that case the court was applying the provision of North Dakota's shield statute, rather than the principles of the First Amendment. However, it read into the statute requirements for disclosure which very closely resemble the three-part test we have previously adopted.
We hold that Tribune Co. v. Green applies in this case and that the trial judge erred in compelling disclosure without first determining whether the three-part test had been met. As the respondents point out, since the trial judge held that Tribune Co. v. Green did not apply, the respondents Petty have not been given an opportunity to demonstrate whether they can meet the test. Accordingly, we quash the order compelling discovery and remand with directions that the trial judge apply the three-part test, as adopted in Tribune Co. v. Green, and determine whether the respondents Petty have met their burden. Unless and until that burden is met, the trial judge may not compel discovery of the unpublished photographs.
The order compelling discovery is QUASHED and this case is REMANDED with directions.
BOARDMAN, A.C.J., and LEHAN, J., concur.