# WOODS, et al. v. THE LUTHERAN INNER-CITY CENTER OF JACKSONVILLE, INC., et al.

## Case No. 84-11703-CA

Fourth Judicial Circuit, Duval County

March 15, 1985

### APPEARANCES OF COUNSEL

**Harold B. Wahl** for movants.

**Randall J. Silverberg** for plaintiffs.

**Robert A. Cole** for defendants.

**John J. Schickel** for defendants.

### OPINION OF THE COURT

LAWRENCE D. FAY, Circuit Judge.

This cause coming on to be heard, after due notice, on the Motions of Television 12 of Jacksonville, Inc., d/b/a WTLV-TV, Channel 12, et

al., and Tampa Television, Inc., d/b/a WJKS-TV, Channel 17, et al., to quash subpoenas served for appearance for depositions of the movants' employees, and the Court finding that the testimony of these employees would inter alia, involve their respective unpublished newsgathering activities,

And the Court further finding that plaintiffs have made no attempt to meet the three-part test announced in *Johnson v. Bentley*, 457 So.2d 507 (Fla. 2d DCA 1984) and *Gadsden County Times, Inc. v. Horne*, 426 So.2d 1234 (Fla. 1st DCA 1983) which must be met to compel disclosure of unpublished newsgathering matters,

And the Court having been advised of the authorities upholding the qualified privilege of such television reporters to not be compelled to testify as to unpublished newsgathering activities and produce unpublished photographs and video-tapes connected therewith,

And the Court finding that portions of the recorded materials and testimony sought by the aforementioned subpoenas are non-privileged involving recordings actually broadcast by television and business notes and practices concerning the dates of inception and custody of the tapes broadcast if found to be relevant and material,

And the Court having considered the comment on page 630 of Practising Law Institute Communications Law 1984, Volume One:

"Common Law Privilege: Qualified privilege recognized. Florida's courts have upheld reporters' claims of privilege more consistently and scrupulously than the courts of any other state. In civil cases and in cases involving disclosures to the press of sealed grand jury materials, the press privilege against disclosure under the First Amendment and the Florida Constitution has been viewed as absolute, not susceptible to being overridden by any showing on the part of the party seeking discovery."

And the Court having been advised of the various Florida cases cited by Communications Law 1984, including *Schultise v. Weyer Bros.,* 6 M.L.R. 1661 (Fla. CC Duval, Goodfriend, J., 7/29/80); *Shiner v. Florida Department of Transportation*, 9 M.L.R. 1672 (Fla. CC Duval, Oakley, J.); *Lang v. Tampa Television, Inc.,* (Fla. CC Duval, 1984, Goodfriend, J.); 11 M.L.R. 1103; see also *Johnson v. Bentley*, 457 So.2d 507 (Fla. 2d DCA 1984); *United States v. Horne*, (USDC ND Fla. 1985), 11 M.L.R. 1312; *United States v. Blanton*, (USDC SD Fla. 1985) 534 F. Supp. 295, 8 M.L.R. 1106, citing many cases on page 1107; *Branzburg v. Hayes*, 408 U.S. at 681; *Richmond Newspapers v. Virginia*, 448 U.S. 555; *Florida v. DiBattisto*, (Fla. CC Dade 1984) 11 M.L.R. 1396, cases collected notes 1 and 2, p. 1397;

1. The testimony and production of things sought by the witness subpoenas addressed to Bill Zetterower and David Richardson, employees of Channel 12, and to Jim DePury, Jonathan Hartzer and Mike Rue, employees of Channel 17, shall not be had as to unpublished newsgathering activities and videotape recordings therefrom not publicly broadcast heretofore. Plaintiffs may later compel the production of videotapes actually broadcast and notes, records and testimony concerning the identification, inception and custody of said broadcast videotapes and their contents if relevant and material to this action.

2. The movants have also cited authorities upholding the assessment of expenses, including reasonable attorney's fees, to reporters who successfully assert a claim of privilege against compelled disclosure. See Practising Law Institute Communications Law 1984, supra, page 358; *Nebel v. Mapco Petroleum*, 10 M.L.R. 1874 (Alaska 1984); *Pennsylvania Dental Assn. v. Medical Services Assn.*, 8 M.L.R. 1871 and 2636, and aff'd 3d Cir. 10/25/83 (summarized at 10 M.L.R. 1072). But Movants waive such claim for attorney's fees in this instance and since the motions to quash are denied, in part, as delineated above; no such expenses or attorney's fees are hereby assessed.