510 So.2d 1082 (1987)
VICORP RESTAURANTS, INC., and Gallagher Bassett Services, Inc. (Servicing Agent), Petitioners,
v.
Sam ARIDI, Respondent.
No. 87-637.
District Court of Appeal of Florida, First District.
July 30, 1987.
*1083 Randall O. Reder of Alpert, Josey, Grilli & Paris, Tampa, for petitioners.
Stephen L. Rosen, Tampa, for respondent.

ON PETITION FOR EXTRAORDINARY WRIT
PER CURIAM.
Petitioners have filed a petition seeking review of an interlocutory order of Deputy Commissioner C.J. Hardee, Jr. They ask that this court employ, alternatively, the remedies of certiorari, mandamus, prohibition, or "writ necessary or proper to the complete exercise of this court's jurisdiction." As we find that petitioners have a complete and adequate remedy on appeal from final order, we deny the petition.
The employer and its servicing agent, petitioners, have contested respondent/claimant's claim for wage loss benefits for injuries suffered as a result of a work-related fall in January of 1986. At a discovery deposition, petitioners elicited testimony from Aridi that suggested he had enjoyed a substantial income in recent months. After conducting an investigation, petitioners scheduled a second deposition of claimant and sought to inquire further about Aridi's source(s) of income. Aridi invoked his Fifth Amendment privelege against self-incrimination and refused to answer these questions. The employer/servicing agent recessed the deposition and filed motions to dismiss and to compel in the lower tribunal. On July 13, 1987, the deputy commissioner entered an order that denied the motion to dismiss and which compelled the claimant to appear at another deposition but the scope of questions to be asked therein were limited to those concerning physical limitations, medical treatment, and related matters.
First, we find that if any remedy were appropriate to review the deputy's order, it would be certiorari.[1] In order to show a preliminary basis for certiorari relief, petitioner must demonstrate that the order to be reviewed departs from the essential requirements of law and that there is no adequate remedy by appeal from final order. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987). The general principle is well-settled that an order denying discovery does not meet this test, Esman v. Board of Regents, 425 So.2d 156 (Fla. 1st DCA 1983). Despite petitioners' arguments to the contrary, we find that, as the alleged error complained of has been properly preserved for appellate review (and may again be raised at the hearing), petitioners will have a complete and adequate remedy on plenary appeal should claimant prevail in the lower tribunal. Accordingly, we deny the petition for extraordinary writ.
JOANOS, WIGGINTON and ZEHMER, JJ., concur.
NOTES
[1] The deputy's order is, of course, non-final. Petitioners contend that mandamus is appropriate because the deputy failed to act on their motion to compel. While the order fails to explicitly state that the motion is granted or denied, its terms make clear that the motion was denied. We are not persuaded by the arguments made by the petitioners regarding the prohibition and "all writs necessary and proper" remedies.