528 So.2d 951 (1988)
CARROLL CONTRACTING, INC., Petitioner,
v.
The Honorable William F. EDWARDS, Judge in the Circuit Court of the Fifth Judicial Circuit, in and for CITRUS COUNTY, Florida, and Citrus County Chronicle, Respondents.
No. 87-2210.
District Court of Appeal of Florida, Fifth District.
July 14, 1988.
Frank J. Santry and Stephen E. Mitchell, of Granger, Santry, Mitchell & Heath, P.A., Tallahassee, for petitioner.
Clifford M. Travis, of Law Office of Infantino & Berman, Inverness, for respondent Citrus County Chronicle.
No appearance for respondent William F. Edwards.
Gregg D. Thomas, Steven L. Brannock, and Lora J. Smeltzly, of Holland & Knight, Tampa, for amicus curiae Tribune Co.
SHARP, Chief Judge.
Carroll Contracting, Inc., a defendant in a personal injury lawsuit, seeks a writ of certiorari from this court to review the trial *952 court's refusal to allow Carroll to subpoena photographs from the Citrus County Chronicle. The plaintiff alleged and sought to prove that Carroll caused the automobile accident which resulted in the plaintiff's injuries by failing to warn motorists at the road construction site where Carroll was doing repair work, of hazardous and dangerous road conditions. An off duty photographer employed by the Citrus County Chronicle happened upon the scene of the accident shortly after it occurred and took photographs. One was published in the newspaper. The parties below stipulate that the photographs do not involve any type of confidential source or relationship and were taken in the daylight in a public place. We grant the writ and restore the effectiveness of the subpoena duces tecum.
The record discloses that Carroll served the Citrus Publishing Company (publisher of the Citrus County Chronicle) with a subpoena duces tecum to produce any published or unpublished photographs and negatives of the accident scene. Carroll established that it has failed to discover any other photographs of the accident scene and conditions of the road taken at the time of the accident; and that since the construction work has now been completed, the newspaper's photographs are the unique and best method to establish the condition of the road at that time, and the existence or not, of any hazardous condition. Citrus Publishing Company asserts a privilege under the First Amendment relying upon Johnson v. Bentley, 457 So.2d 507 (Fla. 2d DCA 1984). In Johnson, the court held that non-confidential, unpublished photographs taken by a newspaper photographer are not subject to discovery, absent a determination that the information was relevant, that it could not be obtained by alternative means, and that the parties seeking the information had a compelling interest.
Ordinarily, certiorari is not available to review an interlocutory order denying discovery because the harm from such orders can be rectified on appeal. See e.g., Vicorp Restaurants, Inc. v. Aridi, 510 So.2d 1082 (Fla. 1st DCA), rev. den., 519 So.2d 988 (Fla. 1987); National Beverage Suppliers, Inc. v. Esquire Products of Florida, Inc., 493 So.2d 551 (Fla. 4th DCA 1986); Hydrocarbon Trading and Transport Co. v. Ramco International, Inc., 488 So.2d 175 (Fla. 4th DCA 1986); Industrial Tractor Company v. Bartlett, 454 So.2d 1067 (Fla. 5th DCA 1984). As stated in Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987), common-law certiorari is an extraordinary remedy which should not be used to circumvent the interlocutory appeal rule which authorizes appeal from only a few types of non-final orders. In order to be reviewable by petition for certiorari, a non-final order must depart from the essential requirements of law, and thus cause material injury to the petitioner throughout the remainder of the proceedings below, effectively leaving no adequate remedy on appeal. Id. at 1099.
Despite this general rule, the standards for certiorari should be applied on a case-by-case basis. This court has granted certiorari review of orders denying discovery on several occasions where the harm caused is irreparable. In Travelers Indemnity Co. v. Hill, 388 So.2d 648 (Fla. 5th DCA 1980), the court granted certiorari and quashed a trial court order denying a motion for appointment of a commissioner to take an out-of-state deposition. Travelers had denied an insurance claim for theft based on the fact that the claimant's ex-wife was jointly entitled to possession of the items allegedly stolen and had taken the items out of state pursuant to a divorce decree. In order to substantiate its claim, Travelers filed a motion for appointment of a commissioner to take a deposition of the former wife, but the trial court denied the appointment without stating a reason. Although it was argued that Travelers had an adequate remedy on appeal, this court noted that "It is difficult to understand how the denial of the right to take testimony of an alleged material witness can be remedied on appeal since there would be no practical way to determine after judgment what the testimony would be or how it would affect the result." Accordingly, the court *953 found that the injury caused by said order was irreparable and it granted certiorari.
In Colonial Penn Insurance Co. v. Blair, 380 So.2d 1305 (Fla. 5th DCA 1980), this court granted certiorari and quashed an order denying a request to produce a transcript of a traffic court proceeding concerning an accident involved in the litigation. Only the plaintiff had a court reporter present at the traffic court proceeding. It was not recorded by the court or any other party. The defendant sought discovery of the plaintiff's transcript, which included the defendant's testimony because it was necessary for his defense and he could not obtain it in any other manner. We required production of the transcript, noting that "The memories of the parties [are] a poor and possibly fallible substitute for statements close in time to the accident." Id. at 1306.
In the instant case, as in Colonial Penn, there is no accurate substitute for the picture taken by the newspaper photographer, and the photographs are clearly relevant to the issues below. Nonetheless, the Citrus County Chronicle claims a First Amendment privilege against production.
The starting point for any discussion of a journalist's privilege is necessarily Branzburg v. Hayes, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972). The majority of the United States Supreme Court held in Branzburg that a subpoena compelling a reporter to appear and testify before a state or federal grand jury on confidential matters did not abridge the freedom of speech and press guaranteed by the First Amendment. Nonetheless, the majority of the court did acknowledge that news gathering does qualify for some First Amendment protection since "without some protection, freedom of the press could be eviscerated." Id., 408 U.S. at 681, 92 S.Ct. at 2656.
In Morgan v. State, 337 So.2d 951 (Fla. 1976), the Florida Supreme Court interpreted Branzburg as sanctioning the view that the First Amendment affords a qualified protection for journalists seeking out the news. It held that a reporter could not be forced to disclose the name of a confidential source who told the reporter what was contained in a sealed, grand jury presentment. The court did say, however, that there was no absolute privilege to the unimpeded flow of information, and that the application of the privilege in any given case involved the striking of a proper balance. Id. at 954. See also Tribune Co. v. Huffstetler, 489 So.2d 722 (Fla. 1986) (application of reporter's privilege involves striking a proper balance between constitutional and societal interests).
In Gadsden County Times, Inc. v. Horne, 426 So.2d 1234 (Fla. 1st DCA), rev. den., 441 So.2d 631 (Fla. 1983), the court acknowledged the existence of a qualified privilege which protects against compelled disclosure of a news reporter's confidential sources. However, the court said that the privilege is not absolute and must yield in those instances where the fair administration of justice establishes a compelling need for such disclosure.
The Second District Court of Appeal has extended the journalist's privilege to non-confidential information gathered by a reporter. In Tribune Co. v. Green, 440 So.2d 484 (Fla. 2d DCA 1983), rev. den., 447 So.2d 886 (Fla. 1984), the court held that even non-confidential information gathered by a reporter and revealed in a published article was protected against disclosure. In Johnson v. Bentley, supra, relied on by the trial court in this case, a photo journalist took pictures of an accident scene, some of which were published and others which were not. Although acknowledging that no Florida cases were found other than Green which extended the First Amendment privilege of a journalist to non-confidential matters obtained in news gathering, the court in Johnson nonetheless held that a balancing test must be applied to determine if the newspaper should be compelled to disclose non-confidential, unpublished photographs of the accident scene.
Neither the Florida Supreme Court nor the United States Supreme Court has as yet extended the First Amendment protection in the form of a qualified privilege to nonconfidential news sources. In Branzburg, the United States Supreme *954 Court noted that "[T]he First Amendment does not invalidate every incidental burdening of the press that may result from the enforcement of civil or criminal statutes of general applicability." Id., 408 U.S. at 681, 92 S.Ct. at 2656. The Court stated that the United States Constitution does not exempt newsmen from performing a citizen's normal duty of appearing and furnishing information relevant to a grand jury investigation. Because there is no confidential source implicated in the production of the photographs and negatives sought in this case and they were taken in an off-duty happenstance, we question whether there is a First Amendment protection against requiring the newspaper to produce them. However, we do not need to reach that issue in this case and create a conflict with Johnson and Green because, even if a qualified privilege attached to the photographs, we hold that in this case petitioner established a sufficient basis to overcome the privilege. See O'Neill v. Oakgrove Construction, Inc., 71 N.Y.2d 521, 528 N.Y.S.2d 1, 523 N.E.2d 277 (1988).
Clearly those photographs are necessary and relevant and, as in Colonial Penn, the best and exclusive way to prove the actual condition of the road at the time of the accident. Memories of the parties or witnesses are a poor and less accurate substitute for the photographs taken by the off-duty journalist. As noted in New York v. Dupree, 88 Misc.2d 791, 388 N.Y.S.2d 1000 (1976), "The proper administration of justice is one of the bulwarks of our constitutional democracy; and the right of citizens to obtain evidence in respect of their contention in a court of justice is correlative with the duty of all persons to give evidence when called upon to do so." Id., 388 N.Y.S.2d at 1002. The policy favoring free disclosure of information where essential for the proper administration of justice is also a primary consideration. See generally Branzburg, supra; United States v. Nixon, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). Any qualified privilege must yield in these circumstances.
Since the photographs were necessary and possibly critical in this lawsuit, the trial court's order quashing the subpoena duces tecum was a departure from the essential requirements of law which cannot be remedied on appeal. Hill, supra. Accordingly, the petition for writ of certiorari is granted, and the order quashing the subpoena directed to the record's custodian of the Citrus County Chronicle is stricken.
WRIT ISSUED.
ORFINGER and DANIEL, JJ., concur.