636 So.2d 562 (1994)
Richard CRISWELL, Petitioner,
v.
BEST WESTERN INTERNATIONAL, INC., Robert C. Wilcox, Waterford Management Company, Inc., and Van Auken Miller, Aia, Respondents.
No. 94-629.
District Court of Appeal of Florida, Third District.
May 10, 1994.
Harry James Averell, Dania, and Douglas H. Stein, Miami, for petitioner.
Cooney, Haliczer, Mattson, Lance, Blackburn, Pettis & Richards and Victor Lance and Pamela R. Kittrell, Fort Lauderdale, for respondent Wilcox.
Before BASKIN, JORGENSON and GREEN, JJ.

ON PETITION FOR WRIT OF CERTIORARI
BASKIN, Judge.
Plaintiff Richard Criswell petitions for a writ of certiorari to quash an order of the trial court denying his motion to compel discovery. We grant the petition, quash the order and remand with instructions to grant petitioner's motion to compel discovery.
Criswell filed an action against Best Western International, Inc., Robert Wilcox, Waterford Management Company, Inc., Van Auken Miller, AIA, [collectively "defendants"] seeking damages for injuries Criswell suffered when he fell down a stairwell on Best Western's premises. Criswell asserted that the stairwell was negligently constructed and maintained. During the course of discovery, Criswell served defendants with requests to produce[1] and *563 interrogatories[2] designed to elicit information regarding accidents on the stairwell subsequent to the date of Criswell's fall. Criswell sought the information to prove his negligent construction case. The defendants objected to these requests on the grounds that they were irrelevant and immaterial. Criswell moved to compel answers to these requests; the trial court denied the motion. Criswell seeks certiorari review.
According to Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1098 (Fla. 1987), "common law certiorari is an extraordinary remedy and should not be used to circumvent the interlocutory appeal rule which authorizes appeal from only a few types of nonfinal orders." However an order denying discovery will be reviewed by petition for writ of certiorari when the order will cause irreparable harm. Ruiz v. Steiner, 599 So.2d 196 (Fla. 3d DCA 1992); Carroll Contracting, Inc. v. Edwards, 528 So.2d 951, 953 (Fla. 5th DCA), review denied, 536 So.2d 243 (Fla. 1988). The matter before us presents such a case: plenary appeal will not afford Criswell adequate redress.
Here, as in Carroll Contracting, there is no substitute for the information Criswell seeks. Facts describing other accidents on the stairs where Criswell was injured can be obtained only from defendants, see Colonial Penn Ins. Co. v. Blair, 380 So.2d 1305 (Fla. 5th DCA 1980), and on plenary appellate review, there would be no practical way of determining what information in defendants' possession would have been available to Criswell and no way of evaluating how the information would have affected the case. Ruiz; Travelers Indem. Co. v. Hill, 388 So.2d 648 (Fla. 5th DCA 1980).
Moreover, although a trial court has broad discretion in denying discovery motions, American S. Co. v. Tinter, Inc., 565 So.2d 891 (Fla. 3d DCA 1990), the order in this case exceeds that broad scope, and departs from the essential requirements of law. Contrary to defendant's assertion, the information Criswell seeks is neither irrelevant, nor immaterial to his case. Here, the condition remained unchanged; accident reports, preceding and postdating a plaintiff's injury, can be used to establish notice of a dangerous or defective condition. Liberty Mut. Ins. Co. v. Kimmel, 465 So.2d 606 (Fla. 3d DCA 1985).
Based on the foregoing reasoning, we grant the petition for writ of certiorari, issue the writ and quash the order under review. We remand the case with instructions to enter an order compelling defendants to produce the requested discovery.
Certiorari granted; order quashed; remanded with instructions.
NOTES
[1] The Request to Produce stated:

1. A copy of any complaint filed in any court of law concerning the fall and death of [name deleted] at the Best Western in Key Largo on or about July 6, 1992.
2. A copy of any incident report prepared by any employee of Best Western in Key Largo concerning the fall and death on or about July 6, 1992.
[2] The Interrogatory requested:

8. The names, addresses, dates of incidents, of all individuals who have fallen or injured themselves on interior stairs/staircases at Best Western in Key Largo, subsequent to Plaintiff's fall, and describe how the individual fell and what, if any, legal action has been taken. (If Defendant objects to this interrogatory, Defendant is instructed to list the specific objections to interrogatory.)