997 So.2d 1158 (2008)
KMART CORPORATION, Petitioner,
v.
Clifford SUNDMACHER, Respondent.
No. 3D08-1784.
District Court of Appeal of Florida, Third District.
December 3, 2008.
Rehearing Denied January 27, 2009.
Rumberger, Kirk & Caldwell and H. Jacey Kaps; Manu L. Davidson and Joshua D. Lerner, Miami, for petitioner.
Robbins & Reynolds and Robert A. Robbins, Miami, for respondent.
Before RAMIREZ and ROTHENBERG, JJ., and SCHWARTZ, Senior Judge.
ROTHENBERG, J.
The defendant below, Kmart Corporation ("Kmart"), seeks a writ of common law certiorari quashing the trial court's order denying its motion to compel the plaintiff to produce photographs depicting the condition of the floor at the time the plaintiff allegedly fell in 1998. We grant the petition and quash the order below.
The plaintiff alleges that he slipped and fell on a slippery floor in Kmart's garden center. During his investigation of the incident, the plaintiff obtained photographs of the floor. In response to Kmart's request for production of the photographs, *1159 the plaintiff asserted the work product privilege and informed Kmart that he would only disclose the photographs if he decided to use them at trial. The plaintiff noticed Kmart's corporate representative for deposition and the plaintiff indicated that he intended to question Kmart's corporate representative regarding the condition of the floor. When Kmart's attempts to obtain a copy of the photographs were unsuccessful, Kmart filed a motion to compel the production of the photographs with the trial court.
In support of its motion to compel, Kmart submitted an affidavit signed by Larry Hartman of Kmart's District Loss Prevention Department. Mr. Hartman confirmed that Kmart had no photographs of the subject area depicting the condition of the floor when the incident allegedly occurred, and averred that Kmart could not duplicate the condition of the floor portrayed in the photographs taken ten years ago. Kmart explained the undue hardship it faced in the preparation of its defense by being denied the requested discovery.
In denying Kmart's motion to compel production of the photographs, the trial court noted that Kmart could have taken its own photographs ten years ago; the photographs represent the plaintiff's work product; and the passage of time did not create an undue hardship requiring production.
Although orders denying discovery are not ordinarily reviewable by certiorari, which is an extraordinary remedy not to be used to circumvent the interlocutory appeal rule, certiorari is appropriate where the harm caused is irreparable. Criswell v. Best W. Int'l, Inc., 636 So.2d 562 (Fla. 3d DCA 1994); Carroll Contracting, Inc. v. Edwards, 528 So.2d 951 (Fla. 5th DCA 1988).
In Florida Power Corp. v. Dunn, 850 So.2d 655 (Fla. 2d DCA 2003), Florida Power sought discovery of photographs taken at the scene of an accident. When its motion was denied by the trial court, Florida Power filed a petition for writ of certiorari with the district court. Although the district court agreed that the photographs were protected work product, it held that Florida Power was entitled to production of these photographs because it met its burden under Florida Rule of Civil Procedure 1.280(b)(3) by demonstrating exceptional circumstances and its inability to obtain the materials by other means. The district court granted certiorari and quashed the trial court's order denying production of the photographs.
In Wackenhut Corp. v. Crant-Heisz Enterprises, Inc., 451 So.2d 900 (Fla. 2d DCA 1984), the Second District also granted certiorari and quashed the trial court's denial of Wackenhut's request for photographs taken by the respondent in anticipation of litigation. In granting the petition, the Second District concluded that, since Wackenhut had not taken any pictures of the scene and the scene could not be reproduced, Wackenhut had demonstrated exceptional circumstances requiring the disclosure of the photographs.
Likewise, the Florida Supreme Court in Dodson v. Persell, 390 So.2d 704, 707 (Fla. 1980), concluded that surveillance films, like photographs of a scene that has changed or cannot be reproduced, and not intended to be introduced as evidence in a personal injury lawsuit, are subject to discovery where the evidence is unique, otherwise unavailable, and materially relevant to the issues at trial. See also Carroll, 528 So.2d at 953 (granting certiorari after concluding that the photographs sought by Carroll were necessary and relevant, the photographs were the best evidence regarding the condition of *1160 the road at the time of the accident, and the memories of the parties or witnesses are less accurate substitutes for the photographs taken); Colonial Penn Ins. Co. v. Blair, 380 So.2d 1305 (Fla. 5th DCA 1980) (granting common law certiorari of an interlocutory discovery order denying Colonial Penn's request for production of a transcript prepared by a court reporter at the request of Blair's attorney, finding that the transcript was the sole transcript of the proceedings which Colonial Penn needed to prepare its defense and Colonial Penn could not obtain the transcripts by any other means).
In Vesta Fire Insurance Corp. v. Figueroa, 821 So.2d 1233 (Fla. 5th DCA 2002), the insured filed a bad faith claim against her insurance company for failing to pay her claim. In an effort to prove her claim, Figueroa sought production of various documents including Vesta's entire claim file. The case turned on whether Figueroa had satisfied her burden of demonstrating undue hardship as required by Florida Rule of Civil Procedure 1.280(b)(3) for obtaining materials otherwise protected by the work product privilege. The Fifth District concluded that Figueroa failed to meet her burden because she did not demonstrate that the information she requested could not be obtained by other means without undue hardship. In reaching this conclusion, the Fifth District noted that work product in a bad faith case is just like work product in any other case, and if the requisite showing under rule 1.280(b)(3) can be made, the work product may be obtainable. Additionally, the Fifth District stated:
This rule provision is primarily designed for circumstances where the work of opposing counsel has produced a tangible item which the requesting party cannot now obtain or cannot obtain without undue hardship. Examples are photographs of a scene or of an object that has since changed or been lost, or a statement of a witness who has disappeared, become incapacitated or has become hard to reach.
Id. at 1236-37.
Because Kmart has satisfied the requirements of rule 1.280(b)(3) by demonstrating that the photographs in the plaintiff's possession are relevant and material (they allegedly depict the condition of the floor at the time the plaintiff slipped and fell); there is no other means of obtaining the discovery requested (no other photographs were taken of the scene ten years ago when the incident allegedly occurred); and the photographs are the best evidence of the condition of the floor at the time of the alleged slip and fall, the trial court departed from the essential requirements of the law in denying Kmart's request for production. Because there is no substitute for the information Kmart seeks and no way on plenary appellate review of evaluating how the information may have affected the case, Kmart has demonstrated irreparable harm and the petition should be granted. See Criswell, 636 So.2d at 563; Ruiz v. Steiner, 599 So.2d 196 (Fla. 3d DCA 1992); Carroll, 528 So.2d at 954; Colonial Penn, 380 So.2d at 1306.
Petition granted, order quashed and remanded.
SCHWARTZ, Senior Judge, concurs.
RAMIREZ, J., (dissenting).
I dissent, not because I disagree that the photographs may ultimately be discoverable, but because by granting certiorari we are allowing Kmart Corporation to abuse the discovery process and the extraordinary writ of certiorari remedy.
Kmart has known of the existence of these photographs since October 5, 2005. It did not seek their production for over *1161 two and one half years. In the meantime, Sundmacher's attorney has set the deposition of Kmart's designated representative with the most knowledge six times before Kmart moved to compel production of the photos on May 5, 2008. I believe the trial court was well within its discretion to control the timing of discovery and require Kmart's representative to be deposed before requiring Sundmacher to produce the photographs. Such discretion is well within the dictates of Dodson v. Persell, 390 So.2d 704, 708 (Fla.1980):
[F]airness requires that we allow the use of surveillance materials to establish any inconsistency in a claim by allowing the surveilling party to depose the party surveilled after the movies have been taken or evidence acquired but before their contents are presented for the adversary's pretrial examination. We note that under present procedural time constraints, the surveilling party in a personal injury action ordinarily has the opportunity to take discovery in this manner without any court order. In our view, the trial court's discretion to allow the discovery deposition before disclosure is an appropriate middle road to ensure that all relevant evidence reaches the trier of fact in a fair and accurate fashion.
I believe certiorari review should not be used to interfere with the order or timing of discovery at the trial level.